**KASPER v. BARON.**

No. 14346.

United States Court of Appeals
Eighth Circuit.

Oct. 12, 1951.

Irving I. Axelrad, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen., and Leo P. Flynn, U. S. Atty., Sioux Falls, S. D., on the brief), for appellant.

George A. Bangs, Rapid City, S. D. (W. A. McCullen, Rapid City, S. D., on the brief), for appellee.

Before SANBORN, JOHNSEN and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a summary judgment entered under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., in favor of the plaintiff (appellee) in an action to recover alleged overpayments of income taxes for the fiscal years ending January 31, 1944, January 31, 1945, and January 31, 1946. Claims for refund of the asserted overpayments had been duly filed and rejected.

In his complaint the plaintiff alleged that during the years in suit he and his wife, Phyllis Baron, "acting in good faith and with a business purpose, conducted, as co-partners, a business enterprise, to-wit: a ladies ready-to-wear store [known as Baron Bros. or Baron Brothers, located in Rapid City, South Dakota]; that "the proceeds and profits of said enterprise became the property of plaintiff and his wife in equal shares"; that for those years he paid taxes "computed upon the assumption that plaintiff was the sole proprietor of the business hereinabove mentioned"; and that as a consequence plaintiff overpaid his taxes to the defendant (appellant) for each of the taxable years in question.

The defendant in his answer denied that during the years in suit the business enterprise referred to in the complaint was conducted by the plaintiff and his wife as partners, denied that the proceeds and profits of the enterprise became the property of plaintiff and his wife in equal shares, and denied that plaintiff had overpaid his taxes.

In response to a demand by the defendant for an admission of facts, the plaintiff ad-

mitted: (1) that no written partnership or joint enterprise agreement was entered into between the plaintiff and his wife relating to the business enterprise known as Baron Brothers; (2) that no partnership returns were filed by or on behalf of the plaintiff for Baron Brothers Store during the period February 1, 1943, through January 31, 1946; (3) that no federal tax returns of any kind indicating that plaintiff's wife had any interest whatsoever in the enterprise were filed by the plaintiff or by his wife at any time prior to January 31, 1946; (4) that plaintiff's wife reported, for income tax purposes, a salary received from the plaintiff; (5) that in his original tax returns the plaintiff claimed, and was allowed, as a business expense the salary paid to his wife; (6) that his wife did not report for federal income tax purposes, or pay federal income tax on, any portion of the income of Baron Brothers Store other than salary; (7) that a certificate of ownership filed by plaintiff with the Circuit Court, County of Pennington, South Dakota, on or about April 23, 1941, stated that plaintiff was the "sole owner of the business conducted at 607 St. Joseph Street, Rapid City, South Dakota, under the name of Baron Bros."; (8) that Social Security tax returns were filed by the plaintiff from 1940 through all of the fiscal years in suit under the name "Baron Bros., Wm. Baron, owner"; (9) that federal employees excise tax returns relating to the business were filed by the plaintiff for the period in suit as owner of Baron Brothers; (10) that federal income tax withholding returns filed by the plaintiff for the period in suit disclosed the employer's name as "Baron Bros., Wm. Baron, owner"; (11) that all insurance on the business conducted under the name of Baron Brothers was taken out by the plaintiff as an individual, and none of the policies showed that his wife had any interest in the business; (12) that on one or two occasions loans were obtained from a bank on plaintiff's signature alone; and (13) that County taxes relating to the business of Baron Brothers, for the period in suit, were assessed against "Wm. Baron" as sole owner.

The response of the plaintiff to defendant's demand for an admission of facts was filed October 17, 1950. At the same time the plaintiff filed a motion for summary judgment in his favor, supported by his own affidavit, that of his wife, and the affidavits of three others.

No useful purpose would be served by detailing the contents of these affidavits. Assuming that upon a trial of this case the evidence of the plaintiff and his wife should conform to the statements contained in their affidavits supporting the plaintiff's claim that he and his wife were bona fide partners during the period in suit, the question whether the plaintiff, who in his tax returns and otherwise had held himself out as the sole owner of Baron Bros., was in fact a partner of his wife, would be a question for the trier of the facts, whether judge or jury.

The summary judgment rule, Rule 56, Federal Rules of Civil Procedure, in subdivision (c), provides in part as follows: "* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The motion papers of the plaintiff upon which summary judgment was entered did not conclusively show that there was no genuine issue of fact to be tried. What counsel for the plaintiff and the District Court apparently overlooked was that the burden of proof was upon the plaintiff, that both he and his wife were interested witnesses, that their credibility and the weight of their testimony were challenged, and that some of the plaintiff's admissions were evidence against him. It must be remembered that even evidence which is uncontradicted is not necessarily to be accepted as true. See Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 440–444, and cases cited.

The question whether the parties to an alleged family partnership "in good faith and acting with a business purpose intended to join together in the * * * conduct of the enterprise" producing taxable income, presents an issue of fact, Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 742–743, 69 S.Ct. 1210, 1214,

93 L.Ed. 1659, to be determined by the trier of the facts "from testimony disclosed by their 'agreement, considered as a whole, and by their conduct in execution of its provisions'", Commissioner of Internal Revenue v. Tower, 327 U.S. 280, 287, 66 S.Ct. 532, 536, 90 L.Ed. 670, and from all other evidence throwing light upon the intent of the parties. Commissioner of Internal Revenue v. Culbertson, supra, page 742 of 337 U.S., at page 1214 of 69 S.Ct., 93 L.Ed. 1659.

We think that the record in this case, instead of demonstrating that there was no genuine issue of fact to be tried, clearly demonstrates that there was such an issue. See and compare, Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 627–629, 64 S.Ct. 724, 88 L.Ed. 967; Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318, 322–323; Sprague v. Vogt, 8 Cir., 150 F.2d 795, 801; Colby v. Klune, 2 Cir., 178 F.2d 872. Material issues of fact may not be tried and determined on motions for summary judgment.

The judgment appealed from is reversed, and the case is remanded for trial on the merits.