**UNITED STATES v. SEPPA (Nadeau, third party defendant).**

Civ. 1120.

United States District Court
D. Minnesota, Fifth Division.

Feb. 11, 1952.

Clarence U. Landrum, U. S. Atty., St. Paul, Minn., for plaintiff.

G. V. Jokinen, Hibbing, Minn., for defendant.

Paul Sterling, Duluth, Minn., for third party defendant.

DONOVAN, District Judge.

The above-entitled matter came before the court on motion for summary judgment by the third-party defendant, here-

inafter referred to as Nadeau. The third-party plaintiff will be referred to as Seppa.

It appears from the file that on or about May 14, 1947, Seppa and Nadeau were partners in a firm known as Your Family Cleaners and Dyers at Hibbing, Minnesota, and on or about said date the partners executed and delivered a promissory note to the Merchants & Miners State Bank at Hibbing, Minnesota. On October 24, 1947, Seppa sold his interest in the partnership to Nadeau by an instrument whereby Nadeau agreed to save Seppa harmless from the debts of the partnership. It appears that the partnership business was thereafter taken over by Nadeau and another (not a party herein), using the same name and style as the old firm. Nowhere does it appear that the creditors of the original partnership agreed to absolve Seppa of liability for the firm debts by composition or otherwise.

On February 8, 1949, Nadeau and his new partner were declared bankrupt. Seppa was not listed as a creditor in the bankruptcy proceeding. There is no showing that Seppa had notice or actual knowledge of the bankruptcy. On January 10, 1950, Nadeau and his most recent partner were discharged as bankrupts, both individually and as partners doing business as Your Family Cleaners and Dyers.

On September 20, 1951, Seppa was served with a summons to which a copy of the complaint was attached, alleging that he owed the amount set forth in the complaint to the United States as endorsee of the promissory note. Nadeau was made a third-party defendant and the motion for summary judgment followed.

■ Nadeau contends the discharge in bankruptcy insulates him against liability to Seppa. This depends to a large extent upon whether or not the partner- ship property was applied to the firm debts. The dissolution of the partnership alone, of course, does not discharge the existing liability of any partner from indebtedness previously incurred.[1]

The bankruptcy proceedings relied on by Nadeau have no direct connection with the Seppa-Nadeau partnership, and in my opinion it is doubtful if Nadeau has been relieved from the debts they incurred jointly as co-partners.[2]

■ The motion for summary judgment is in the nature of a pretrial inquiry for the purpose of determining whether a genuine issue of fact exists, rather than for the purpose of determining an issue of fact.[3] Under the circumstances disclosed by the file, the motion must be, and the same is hereby denied.

It is so ordered.

1. 21 Minn.Stats.Ann. § 323.35.

2. 11 U.S.C.A. § 23; 1 Collier on Bankruptcy, § 5.03, page 691.

3. Kasper v. Baron, 8 Cir., 191 F.2d 737; Dulansky v. Iowa-Illinois Gas & Electric Co., 8 Cir., 191 F.2d 881; Holzman v. Barrett, 7 Cir., 192 F.2d 113; Vale v. Bonnett, 191 F.2d 334.