**KASPER v. BARON.**
No. 14793.

United States Court of Appeals
Eighth Circuit.

Nov. 17, 1953.

Joseph F. Goetten, Sp. Asst. to Atty. Gen., Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Robert N. Anderson, Sp. Assts. to Atty. Gen., Leo P. Flynn, U. S. Atty., and Francis G. Dunn, Asst. U. S. Atty., Sioux Falls, S. D., on the brief), for appellant.

George A. Bangs, Sioux Falls, S. D. (W. A. McCullen, Rapid City, S. D., on the brief), for appellee.

Before SANBORN, THOMAS and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

This is a tax case involving a husband and wife partnership problem. This is the second time it has come to this court. The plaintiff, William Baron, the husband, alleged that claims for overpayments of income taxes by him for the fiscal years January 31, 1944, 1945, and 1946, had been filed as required by § 3772, Internal Revenue Code, 26 U.S.C.A. § 3772, and that six months had elapsed but that no decision had been rendered thereon. The court sustained a motion for summary judgment for plaintiff and upon appeal the judgment was reversed by this court in Kasper v. Baron, 8 Cir., 191 F.2d 737, and the case remanded for trial. This court held that the question of whether Baron and his wife were partners was one of fact to be determined by the trier of facts, not one of law for the judge.

The complaint alleged that for the years involved the plaintiff, William Baron, and his wife, Phyllis Baron, in good faith conducted, as copartners, a ladies-ready-to-wear store, and "That the proceeds and profits of said enterprise became the property of Plaintiff and his wife in equal shares", and that for the years involved he personally paid taxes "computed upon the assumption that Plaintiff was the sole proprietor of the business * * *", and that he consequently overpaid his taxes to the defendant for each year.

The defendant denied these averments of the complaint and denied that plaintiff had overpaid his taxes.

Plaintiff's wife Phyllis filed no amended returns or any pleading and made no offer to pay any additional income taxes in the event her husband should succeed in recovering the amounts claimed as overpayments made by him on the ground that a partnership existed.

The case was tried to the court without a jury. At the conclusion of the hearing the court found the issues and entered judgment for the plaintiff.

The court found that from February 1, 1940, to and including September 30, 1946, the Baron ready-to-wear store in Rapid City, South Dakota, was operated by plaintiff and his wife Phyllis Baron, acting in good faith and with a business purpose, as copartners; that the proceeds and profits of the enterprise became the property of plaintiff and his wife in equal shares; that for the fiscal year ending January 31, 1944, plaintiff paid to defendant income taxes in the

amount of $26,140.94, computed on the assumption that plaintiff was the sole proprietor of the business establishment; that his actual tax liability for said fiscal year computed with due regard to the fact that plaintiff and his wife were partners in the business was $14,207.59; and that he therefore paid to defendant the sum of $11,933.35 in excess of his true liability for which judgment was entered together with interest at six per cent from April 11, 1944, until paid.

The court also found that an excess payment was made by plaintiff for the fiscal year ending January 31, 1945, in the amount of $12,352.23 for which judgment was awarded with interest at six per cent from March 7, 1945, until paid.

A like judgment was entered for an excess payment of $11,411.24 for the year ending February 15, 1946, with interest at six per cent from February 15, 1946, until paid.

The appellant contends that: 1. The court erred in finding that the taxpayer and his wife really intended to carry on the business of Baron Brothers as partners; 2. The court applied an erroneous principle of law in determining whether there was a bona fide partnership for tax purposes; and 3. The court committed reversible error by unduly restricting cross-examination of Phyllis Baron.

At the trial of the case it was stipulated that demand for admission of facts filed by the Collector pursuant to Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A. and answers thereto filed by plaintiff should be part of the record, and plaintiff William Baron and his wife Phyllis testified for plaintiff.

The plaintiff admitted that: 1. No written agreement of partnership was entered into between plaintiff and his wife relating to the business referred to in the complaint and known as Baron Brothers; 2. No partnership returns were filed for Baron Brothers Store during the period, but alleged that proper amended returns were filed within the statutory period; 3. No federal tax returns of any kind were filed by plaintiff or by Phyllis Baron at any time prior to January 31, 1946, in which it is stated or indicated that Phyllis Baron had any interest in the enterprise known as Baron Brothers; 4. Plaintiff's wife was, during the period here concerned, employed on a salary by Baron Brothers; 5. Baron Brothers paid plaintiff's wife a salary of $4,000 a year for the fiscal years ending January 31, 1944, and 1945, and $6,000 for the year ending January 31, 1946; 6. Phyllis Baron reported the salary received from plaintiff for income tax purposes; 7. Plaintiff individually claimed in his original returns a salary paid to Phyllis Baron as a business expense, but alleged that in the amended returns no such deduction is sought; 8. Phyllis Baron did not report for federal income tax purposes or pay such taxes on any portion, other than the salary, of the income of Baron Brothers Store; 9. The certificate of ownership filed by plaintiff with the Circuit Court, County of Pennington, South Dakota, on or about April 23, 1941, stated that Wm. Baron (plaintiff herein), was the "sole owner of the business conducted at 607 St. Joseph Street, Rapid City, South Dakota, under the name of Baron Bros."; 10. Social security tax returns were filed by plaintiff from 1940 through all of the fiscal years here concerned under the name "Baron Bros., Wm. Baron, owner"; 11. Federal employees excise tax returns relating to the business were filed by plaintiff for all of the period here involved as owner of Baron Brothers; 12. Federal income tax returns filed by plaintiff for the period here concerned, disclosed the employer's name as "Baron Bros., Wm. Baron, owner"; 13. All insurance on the business in question here, such as fire, theft, or liability insurance for all of the period involved was taken out by plaintiff in his individual capacity and not as in the name of or for the benefit of Phyllis Baron; 14. Bank credit was extended to plaintiff for use in the business on his signature alone; 15. County taxes relating to the business

were assessed against plaintiff as sole owner of the business.

The testimony of plaintiff and his wife related principally to their business enterprises and their business relations from 1936 to 1946. During this period they were interested in the Baron Brothers' store in Rapid City, South Dakota, and for part of the time in Filger's department store in the same city.

In 1936 plaintiff and his wife were living in Portland, Oregon. Sometime during that year Phyllis Baron made a trip to South Dakota where she learned that a clothing store at Rapid City was for sale. After she reported that fact to her husband he contacted his three brothers, asking for a loan. At their suggestion plaintiff and his wife contributed $2,000 of which she contributed $691.61, and his brothers contributed $3,000. The arrangement provided that before division of the profits plaintiff and his wife could withdraw $3,000 and the remainder would be split fifty-fifty between the brothers and plaintiff and his wife. From 1936 to 1940 the business was operated as Baron Brothers. Plaintiff's wife, who had had previous experience of a similar nature assisted in every phase of the business.

In 1940 the profits of the business were used to buy the one-half interest of plaintiff's brothers. A note signed by plaintiff and his wife was given for part of the purchase price. It was paid with profits from the business. After the purchase of the brothers' interest plaintiff reported the entire income from the business for tax purposes, and his wife was paid a salary which was deducted as a business expense. After the brothers' half interest was purchased plaintiff filed a certificate of fictitious name, required by South Dakota law, in which he stated under oath that the business was "owned and operated by William Baron." The business was so operated from 1940 to 1946, and during the last year of said period plaintiff's wife was paid a salary of $6,000, which salary her husband testified fully compensated her for the work she did. She reported the salary paid her in her income tax returns, and he deducted it on his returns as a business expense.

Plaintiff employed a certified public accountant named Sorenson and told him he (plaintiff) was the owner of the business. The books showed plaintiff as sole proprietor. Plaintiff invested profits of the business in stocks and real estate all in his own name, income from which he included in his returns. Taxes, social security returns, membership in the Chamber of Commerce, insurance, all indicated that plaintiff was the sole proprietor of the business.

Profits from the business were used to purchase stock in an incorporated department store in Rapid City known as "Filger's." In 1943 the corporation was dissolved and a partnership formed in which plaintiff, his wife, and Mr. and Mrs. Filger became equal partners. Both plaintiff and his wife reported as a gift to her from plaintiff a one-fourth interest in the store; and a certificate filed under the fictitious name statute, SDC 49.0801 et seq., correctly stated that plaintiff and his wife were partners. Thereafter each reported his or her share of the profits therefrom. Of course, if she was a partner in the Baron store her interest in Filger's was paid for with her own money.

In 1946 Baron Brothers was incorporated and the plaintiff filed claims for refunds for the years 1943 through 1946 and amended returns and partnership returns. At the trial he testified that his prior conduct was not due to his not knowing how correctly to report the income from the business but rather that it was a matter of pride to be known as the owner of the business.

The question for decision here is whether the finding of the trial court stated above is "clearly erroneous" within the meaning of Rule 52(a) of the Federal Rules of Civil Procedure.

On the first appeal of the case from a summary judgment this court said, 191 F.2d at page 738, in referring to a trial on the merits: "* * * the question

whether the plaintiff, who in his tax returns and otherwise had held himself out as the sole owner of Baron Bros., was in fact a partner of his wife, would be a question for the trier of the facts * *."

■ The trial court has now decided the case; but we think his finding of fact on the record here is "clearly erroneous" on the ground that it is against the clear weight of the evidence. See Aetna Life Ins. Co. v. Kepler, 8 Cir., 116 F.2d 1, 4-5.

The rules for determining whether an alleged partnership is a real partnership within the meaning of the federal tax laws have been discussed by the Supreme Court in three comparatively recent cases. They were discussed at length in Commissioner of Internal Revenue v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, and in Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679. Thereafter for the purpose, it has been said, of clarifying the rules there stated the Supreme Court discussed and restated them at length in Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659.

In the Tower case the Court said that the question whether the family partnership is real for income tax purposes depends upon "whether the partners really and truly intended to join together for the purpose of carrying on business and sharing in the profits or losses or both. And their intention in this respect is a question of fact, to be determined from testimony disclosed by their 'agreement, considered as a whole, and by their conduct in execution of its provisions.' (Citations.) We see no reason why this general rule should not apply in tax cases where the government challenges the existence of a partnership for tax purposes." 327 U.S. at page 287, 66 S.Ct. at page 536, 90 L.Ed. 670.

In the Culbertson case the rule so stated was "clarified" as follows:

"The question is not whether the services or capital contributed by a partner are of sufficient importance to meet some objective standard supposedly established by the Tower case, but whether, considering all the facts—the agreement, the conduct of the parties in execution of its provisions, their statements, the testimony of disinterested persons, the relationship of the parties, their respective abilities and capital contributions, the actual control of income and the purposes for which it is used, and any other facts throwing light on their true intent—the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise." 337 U.S. at page 742, 69 S.Ct. at page 1214, 93 L.Ed. 1659.

A business partnership is a contractual relation at all times, not a mere afterthought for tax purposes. It is true in this case that the wife of plaintiff did contribute $691.61 to the original purchase price of the store in Rapid City, South Dakota, but she did not pretend at that time to be a partner in the business. That was a contribution to her husband to enable him to enter into a partnership with his brothers to purchase the store. That amount and much more was given to her by her husband after he became prosperous. It is not claimed that she was a member of the partnership of Baron Brothers from 1936 to 1940.

It is true, also, that plaintiff's wife worked in the store, and that she was competent and useful; but she was paid a fair salary for her work, whereas her husband received no salary.

It is also true that prior to the making of the claim for refund at the institution of these proceedings the plaintiff never contended or asserted that a partnership existed. The claims made by him relating to the business were all inconsistent with the existence of a partnership. Not only were the books, the business records, kept in his name alone; but he, also, took solemn oaths to the effect that he was the individual owner of that business.

Although they made partnership income tax returns for Filger's store and knew that the law required partnerships engaged in business to make such returns they never made such returns for the business carried on in the clothing store. And in connection with the business in the Filger store both the plaintiff and his wife signed statements under oath disclosing that they were part owners of that business, and they reported on their individual federal income tax returns their respective shares of the profits.

Appellant's second point is that the court in his remarks overemphasized the importance of the husband-wife relationship of the plaintiff and his wife. We think his remarks are immaterial. The only question is whether the decision made by him is erroneous considering the whole record. As said by the Supreme Court in the Culbertson case, supra, " * * * existence of the family relationship does not create a status which itself determines tax questions, but is simply a warning that things may not be what they seem."

Finally, the appellant contends that the court erred in unduly restricting cross-examination of the witness Phyllis Baron. The point is not properly presented here so that we may intelligently consider it. Our rule 11(b) stating our requirement for printed briefs and records has been ignored. That rule requires that "If a point relates to the admission or exclusion of evidence, the statement shall quote the evidence referred to, and any objections or other equivalent action taken relative thereto, together with the rulings of the court thereon, giving the pages of the printed record on which the quotations appear."

We have carefully reviewed the entire record, and considering all the facts, including the written admissions of the parties and the exhibits as well as the oral testimony of William Baron and his wife, and applying the rule in the Culbertson case, supra, we are convinced that the findings of the court are "clearly erroneous." The judgment appealed from is accordingly

Reversed.