416 P.2d 381 (1966)
David W. WILSON, Appellant,
v.
Evelyn POLLET, Appellee.
No. 629.
Supreme Court of Alaska.
July 8, 1966.
Robert M. Libbey, Lester W. Miller, Jr., and Kay & Miller, Anchorage, for appellant.
Robert C. Erwin, Hughes, Thorsness & Lowe, Anchorage, for appellee.
Before NESBETT, C.J., and DIMOND and RABINOWITZ, JJ.

*382 OPINION
RABINOWITZ, Justice.
The sole issue involved in this appeal is whether the superior court properly granted appellee's motion for summary judgment. We are of the opinion that appellee-movant failed to establish that no genuine issue as to any material fact existed. We, therefore, conclude that the superior court erred in granting appellee's motion for summary judgment.
On August 1, 1964, appellant, while operating a motorcycle, collided with a motor vehicle at the intersection of Karluk Street and 9th Avenue in Anchorage, Alaska. Thereafter, appellant commenced suit for personal injuries against appellees, Kenneth P. Foltz and Eunice White. In his amended complaint appellant alleged in separate alternative causes of action that the vehicle he collided with had been operated by appellee or by Kenneth P. Foltz.[1]
In her answer appellee denied that she was the operator of the vehicle in question and asserted that at the time of the accident she was a passenger in a car driven by Kenneth P. Foltz and exercised no control over its operation. Defendant Foltz, acting in pro. per., filed a general denial to appellant's amended complaint.[2] Subsequently, counsel filed an answer on behalf of both defendant Foltz and defendant White.[3] In this joint answer defendants Foltz and White denied all allegations of appellant's amended complaint which asserted that Foltz was the operator of the motor vehicle at the time the collision occurred.
Thereafter, in response to interrogatories propounded by appellee Evelyn Pollet, defendant Foltz answered that he was the driver of the automobile at the time it collided with appellant's motorcycle. After receipt of Foltz's answers to her interrogatories, appellee Pollet moved for summary judgment.
In appellee's own affidavit filed in support of her motion for summary judgment, she stated in part:
That on August 1, 1964, at about the hour of 8:19 P.M., she was a passenger in an automobile driven by Kenneth P. Foltz, owned by Eunice White, which was involved in an auto-motorcycle collision at the intersection of Ninth and Karluk Street.
At the accident scene, we told the police that I was driving the automobile inasmuch as I had a driver's license and Kenneth P. Foltz did not have a driver's license.

That in fact, your affiant was a passenger in this automobile and Kenneth P. Foltz was driving this vehicle. (Emphasis furnished.)[4]
In support of her motion for summary judgment, appellee also filed an affidavit of Kenneth P. Foltz, which in its pertinent part read as follows:

When the police came to investigate the accident, we told the police that Evelyn Pollet was driving inasmuch as I did not have a driver's license and she did. This was agreed to by Evelyn and myself prior to the time the police arrived.

*383 After we left the scene of the accident, we went to Evelyn's parents house and told them the above. We then decided that it was best to tell the police the truth but were unable to contact them on Saturday. We finally made contact with the police on Sunday, at which time I advised them that I was the driver of the automobile. (Emphasis furnished.)[5]
In opposition to appellee's motion for summary judgment, appellant filed a statement of genuine issues which read in part:
The following issues of fact are genuine and should be litigated in this action:
1. Whether the defendant Evelyn Pollet was the driver of the automobile which struck the plaintiff on the occasion from which this civil action arose.[6]
In his memorandum in opposition to appellee's motion for summary judgment, appellant indicated that he intended to rely upon appellee's admission to the investigating officers as substantive evidence that she was the operator of the motor vehicle at the time in question.[7] Appellant did not file any affidavit in opposition to appellee's summary judgment motion.
Our disposition of the merits of this appeal makes appropriate reference to certain principles which have become established in law regarding summary judgment.
Early in the history of this court we stated that the purpose of summary judgment is
to allow the court to dispose summarily of a case where the pleadings, depositions and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Its purpose is not to cut off litigants from their right to trial by jury on genuine issues of fact. Even though there may be considerable doubt as to the existence of a claim or defense, if it appears to be in good faith the party asserting it is entitled to a trial and an opportunity to examine the case or defense of his adversary in the usual course.[8]
We also held in Ransom v. Haner[9] that the burden of showing the absence of a genuine issue as to any material fact is upon the moving party. This burden is satisfied when the movant's showing makes it quite clear what the truth is.[10] In ruling on a motion for summary judgment all reasonable inferences from *384 the proofs offered are drawn against movant and viewed in the light most favorable to the party opposing the motion.[11] The court's function when ruling on a motion for summary judgment is to decide whether or not a genuine issue as to any material fact exists. The court is not to resolve any existing genuine issues as to material facts in determining a summary judgment motion.[12]
It is also established that if, at the hearing on a motion for summary judgment, there is contradictory evidence, or the movant's evidence is impeached on material matters, then an issue of credibility is raised, providing the contradictory or impeaching evidence is not too incredible to be believed by reasonable minds.[13] When such a situation occurs, the court should not attempt to resolve any genuine issue as to credibility and the motion should be denied as movant has failed to establish the absence of any triable issue of material fact.[14]
With these principles in mind we turn to the issue raised by this appeal. In our opinion appellee's own evidence adduced in support of her motion for summary judgment precluded the granting of her motion. Appellee's admission in her affidavit filed in support of her motion that she had told the investigating officers at the scene of the accident that she was the driver of the automobile raised an issue of credibility which made the granting of summary judgment inappropriate. This admission of appellee was admissible as substantive evidence on the issue of whether or not she was the driver of the automobile at the time it collided with appellant's motorcycle.[15] In this regard Judge Frank's statement in Arnstein v. Porter,[16] is pertinent:
It follows that, as credibility is unavoidably involved, a genuine issue of material fact presents itself. With credibility a vital factor, plaintiff is entitled to a trial where the jury can observe the witnesses *385 while testifying. Plaintiff must not be deprived of the invaluable privilege of cross-examining the defendant  the `crucial test of credibility'  in the presence of the jury. * * *
* * * * * *
But where, as here, credibility, including that of the defendant, is crucial, summary judgment becomes improper and a trial indispensable. * * *
In addition to appellee's admission, the pleadings contradict the affidavit of Kenneth Foltz which appellee adopted and filed in support of her motion for summary judgment. Foltz, in his affidavit, admitted to telling the police that appellee was the driver and then asserted that within a short period of time he decided to tell the police the truth as to who was the driver. Yet, as indicated previously, subsequent to the time that Foltz alleges he told the police he was the driver (purportedly correcting his previous falsehood), Foltz himself, and then later when represented by counsel, filed answers denying that he was the driver of the vehicle in question.[18] In light of these circumstances, we hold the appellee's evidence in support of her motion for summary judgment was both impeached and contradicted and, therefore, raised an issue of credibility as to a material fact which made the granting of summary judgment in the circumstances erroneous. In short, from the showing made by appellee, it is far from clear what the truth is as to who was driving defendant White's car at the time of the accident.
We are of the view that appellee's reliance upon Isler v. Jensen[19] is misplaced. In our opinion in that case, we stated:
Plaintiffs have demonstrated that there was no genuine issue of fact to be litigated. In view of this showing it was incumbent upon the defendants, in order to prevent the entry of a summary judgment, to set forth facts showing that they could produce admissible evidence which reasonably would tend to dispute or contradict plaintiffs' evidence, and thus demonstrate to the court that a triable issue of fact existed. * * *[20]
Unlike Isler, here the record discloses that appellee failed to sustain her burden of proof pertaining to the lack of any genuine issue of material fact to be litigated. Appellee's own evidence offered in support of her motion demonstrates that appellant could produce "admissible evidence which reasonably would tend to dispute or contradict" appellee's evidence.
Appellee further contends that the lower court properly entered summary judgment because appellant "could not have escaped the granting of a directed verdict on the evidence presented."[21] In support of this argument appellee relies heavily upon Dyer v. MacDougall.[22] In our view, the *386 Dyer case represents an unusual exception to the principle that a motion for summary judgment should be denied if there exists a real issue as to the credibility of movant's evidentiary materials. Unlike the facts in the Dyer case, here appellant can introduce appellee's admission that she was the driver of the vehicle. Further distinguishing the Dyer case is the circumstance that appellant has available the contradictory and impeaching evidence previously alluded to in regard to the affidavit of Foltz. Additionally, appellant indicated that he intended to call the investigating officers who could testify as to the circumstances under which, as well as the demeanor of, Foltz and appellee at the time they stated appellee was the driver. Also the trier of the fact would have appellant's testimony to the effect that just prior to the collision the only person he observed in the automobile was a woman. On the record before us we are of the view that appellee's own showing presented genuine issues of material facts. In our opinion demeanor testimony was crucial to the proper resolution of these issues and under the circumstances of this record, these issues should have been submitted to the trier of fact for resolution.[23]
For the reasons heretofore stated, the superior court's entry of summary judgment in appellee's favor is reversed and the cause remanded for further proceedings.
NOTES
[1] As to both causes of action appellant asserted that defendant Eunice White was the owner of the automobile and had negligently permitted appellee or Kenneth P. Foltz to operate her vehicle.
[2] Foltz's general denial was filed on March 4, 1965.
[3] Note: Defendants Foltz and White were represented by the firm of Delaney, Wiles, Moore & Hayes at the time this pleading was filed. Appellee was represented throughout by the firm of Hughes, Thorsness & Lowe.
[4] Also filed in support of appellee's motion for summary judgment were a memorandum in support of her motion; copies of her interrogatories and the answers thereto of defendants Foltz and White; affidavit of defendant Foltz; and a portion of the transcript of appellant's testimony in a district magistrate court criminal trial in which appellee was the defendant.
[5] Note: August 1, 1964, the date the accident occurred, fell on a Saturday.
[6] Civ.R. 56(c) provides in part:

The adverse party not later than two days prior to the hearing may serve opposing affidavits, a concise `statement of genuine issues' setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, and any other memorandum in opposition to the motion. * * *"
[7] Appellant in his memorandum states "This admission, which is admitted in the affidavit of Evelyn M. Pollet, filed by the defendant with this Motion, will be offered through the testimony of the investigating officers." Appellant also stated in his memorandum that he also intended to establish appellee's liability through his own testimony. The record discloses that appellant's testimony would be to the effect that just prior to impact he observed only one person, a woman, in the vehicle which collided with him.
[8] Ransom v. Haner, 362 P.2d 282, 289 (Alaska 1961). The quoted language was recently alluded to in Hartsfield v. Carolina Cas. Ins. Co., 411 P.2d 396, 400 (Alaska 1966). Compare the cited text with 6 Moore, Federal Practice § 56.15, at 2281 (2d ed. 1965), where it is stated:

The function of the summary judgment is to avoid a useless trial; and a trial is not only not useless but absolutely necessary where there is a genuine issue as to any material fact.
[9] Id. at 290.
[10] Poller v. Columbia Broadcasting System, 368 U.S. 464, 468, 82 S.Ct. 486, 7 L.Ed.2d 458, 461 (1962); Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967, 972 (1944).
[11] United States v. Diebold, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176, 177 (1962). See also Griffeth v. Utah Power & Light Co., 226 F.2d 661, 669 (9th Cir.1955), where the court said:

The remedy can be invoked only when complete absence of genuine fact issue appears on the face of the record. Resort to summary judgment procedure is futile where there is any doubt as to whether there is a fact issue. All doubts upon the point must be resolved against the moving party. * * *
[12] United States v. Diebold, supra note 11, 369 U.S. at 655, 82 S.Ct. 993, 8 L.Ed.2d at 177; Empire Electronics Co. v. United States, 311 F.2d 175, 180 (2d Cir.1962). Also relevant is the statement in Balise v. Underwood, 62 Wash.2d 195, 381 P.2d 966, 969 (1963), that:

A material fact is one upon which the outcome of the litigation depends. * * *
[13] 6 Moore, Federal Practice § 56.15 [4], at 2370-71. Murphy v. Light, 257 F.2d 323, 327 (5th Cir.1958).
[14] Peckham v. Ronrico Corp., 171 F.2d 653, 658 (1st Cir.1948), where the court stated:

If a party moving for a summary judgment submits upon the critical issues of the case two sets of affidavits from the same witnesses and the first set is admittedly as to each principal witness false in part, there should be a full trial because the judgment before whom the motion for summary judgment is presented cannot tell whether the ultimate trier of fact will disregard the entire testimony of those inaccurate witnesses on the principle falsus in uno, falsus in omnibus. Wigmore, Evidence (3rd ed.) § 1010. In short, a summary judgment cannot be based upon challenged affidavits from witnesses who have admittedly stated some facts that are not true because the ultimate trier of fact is free to disregard the entire testimony of those affiants. When this rule is applied to the case at bar, the consequence is that there are no important affidavits which support the summary judgment. In the absence of reliable affidavits, the pleadings present an irreconcilable conflict on material facts not susceptible of resolution by summary action.
See also: United States v. United Marketing Ass'n, 291 F.2d 851, 853-854 (8th Cir.1961); Kasper v. Baron, 191 F.2d 737, 738 (8th Cir.1951); Colby v. Klune, 178 F.2d 872, 873-874 (2d Cir.1949).
[15] McCormick, Evidence § 239 at 503 (1954).
[16] 154 F.2d 464, 469-470, 471 (2d Cir.1946).
[18] Admissions contained in pleadings are admissible. Stolte v. Larkin, 110 F.2d 226, 232 (8th Cir.1940). On this question see generally McCormick, Evidence § 242, at 508-10. Note also Civ.R. 11 provides in part that:

The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * *
The answers filed by Foltz himself and on his behalf by counsel were filed five months after he asserts he informed the police that he was the driver of defendant White's vehicle.
[19] 382 P.2d 901-902 (Alaska 1963).
[20] Supra note 19, at 902. To the same effect see also Lowe v. Boggess, 375 P.2d 199, 200 (Alaska 1962); Gilbertson v. City of Fairbanks, 368 P.2d 214, 216-217 (Alaska 1962).
[21] As to the relationship of motions for summary judgment to motions for directed verdict, see the discussion in 6 Moore, Federal Practice § 56.02 [10], at 2042-2046.
[22] 201 F.2d 265 (2d Cir.1952). This case involved an action for slander which was based on the statements that the two defendants made to two witnesses. Both defendants and the two witnesses denied that the statements were made. All that plaintiff offered was an affidavit to the effect that one of the witnesses had made a contradictory statement. The lower court's granting of summary judgment was affirmed in light of the lack of available proof as to the purported slander.
[23] Compare: Lillengraven v. Tengs, 375 P.2d 139, 142 (Alaska 1962).