**Adrian L. GRAY, Appellant,**

v.

**Monroe FIELDS and Gustava Fields,
Appellees.**

No. 916.

Supreme Court of Alaska.

May 13, 1968.

Hugh G. Wade, of Atkinson, Wade, Conway & Young, Anchorage, for appellant.

M. Ashley Dickerson, Anchorage, for appellees.

OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

RABINOWITZ, Justice.

In the trial court appellant filed a complaint for specific performance of an oral contract for the sale of real property. Defendants-appellees' answer to the complaint included three separate counterclaims alleging causes of action in trespass, interference with a contractual relationship, and slander of title. Appellees thereafter moved for partial summary judgment against plaintiff-appellant with respect to appellant's action for specific performance. The superior court granted appellees' motion for partial summary judgment stating that the principal reason for its decision was that appellant's affidavit filed with his opposition to appellees' summary judgment motion failed to show the existence of a contract of sale between the parties. The court entered an order dismissing appellant's complaint for specific performance of the asserted oral contract of sale. After trial by jury a verdict was returned in appellant's favor against appellees upon their three separate counterclaims.[1] Appellant appeals from the superior court's order which granted appellees' motion for partial summary judgment.

Appellant's central contention in this appeal is that the trial court erroneously determined there was an absence of any genuine issue as to a material fact. We agree with the position taken by appellant and hold that appellees failed to meet their burden, as movants, which required them to establish the absence of any genuine issue as to a material fact.[2]

1. The judgment which followed this verdict provided that the appellees "take nothing" and that their causes of action be "dismissed on the merits."

2. Port Valdez Co. v. City of Valdez, 437 P.2d 768, 769 (Alaska 1968); Wilson v. Pollet, 416 P.2d 381, 383–384 (Alaska 1966); Ransom v. Haner, 362 P.2d 282, 289 (Alaska 1961).

Appellees originally based their motion for summary judgment exclusively upon the pleadings and their memorandum in support of the motion. In this memorandum appellees relied principally upon the theory that the purported oral contract of sale was "void, being in violation of the Statute of Frauds * * *.[3] In opposition to appellees' motion, appellant filed a statement of genuine issues, affidavits, and memorandum.[4] In his memorandum appellant argued that on the basis of the pleadings alone it was apparent that many factual issues existed. In answer to appellee's reliance upon the statute of frauds, appellant contended that AS 09.25.020(4) of our Code of Civil Procedure was controlling. This statute, which deals with exceptions to our statute of frauds, reads:

A contract, promise, or agreement which is subject to § 10 of this chapter, which does not satisfy the requirements of that section, but which is otherwise valid is enforceable if

* * * * * *

(4) the party against whom enforcement is sought admits, voluntarily or involuntarily, in his pleadings or at any other stage of this or any other action or proceeding the making of an agreement * * *.

In regard to the pleadings, appellant pointed out that in both their original and amended counterclaims, appellees had admitted an oral contract with appellant did in fact exist.[5] Additionally, as part of his opposition to the motion for summary judgment, appellant relied upon an affidavit of appellee Monroe Fields, as well as certain answers to interrogatories which appellees had filed in connection with a separate lawsuit involving the same real estate. Appellant was not a party to this separate action. In response to an interrogatory inquiring whether or not they had negotiated with anyone for the purchase of the subject real property, both appellees responded in the affirmative and specifically answered that they had intended to sell the property to appellant for $4,000 cash and one hundred yards of fill.[6]

In reply to appellant's opposition to the motion for summary judgment, both appellees filed affidavits. Appellee Monroe

---

3. In regard to their statute of frauds position, appellees cited AS 09.25.010 (a) (6) which provides:
 In the following cases and under the following conditions an agreement, promise, or undertaking is unenforceable unless it or some note or memorandum of it is in writing and subscribed by the party charged or by his agent:
 * * * * *
 (6) an agreement for leasing for a longer period than one year, or for the sale of real property, or of any interest in real property, or to charge or encumber real property.

4. In his statement of genuine issues, appellant asserted that three separate issues were required to be determined, namely, whether the parties had entered into an oral contract, whether such contract had been partially performed, and whether appellees "have admitted the existence of the oral contract between the parties in [their] * * * pleadings or at any other stage in this or in any other action or proceeding."
 In his opposition to the motion for summary judgment, appellant averred in part that:

 In May of 1965 Monroe Fields and Gustava Fields offered to sell me Lot One (1) of the Meredith Subdivision for * * * ($4,000.00) plus 100 yards of gravel in place on his adjoining lot. I accepted that offer * * *.
 On the morning of May 22, 1965, Mr. Fields stopped me in the driveway and told me he was unable to sell me the property because the people he had been purchasing it from had taken it back. * * * He suggested that I contact Norene Realty and make arrangements to purchase the property directly from the previous owner.
 I then proceeded to negotiate for the purchase of the property through Norene Realty.
 After making a down payment on the property, I tool possession. * * *

5. The purport of the admissions is that appellee Monroe Fields had agreed to sell the subject property to appellant for $4,000.

6. In his deposition in the case at bar, appellee Monroe Fields expressly admits that he agreed to sell the property to appellant for $4,000 plus one hundred yards of fill.

Fields' affidavit can be read as denying the existence of a contract of sale between appellant and himself.[7] In her affidavit, appellee Gustava Fields stated that she never discussed the sale of the real property with appellant and that, "At no time has he even offered to buy it from me." [8]

 In light of the foregoing, we are of the opinion that the superior court erroneously decided appellees' motion for summary judgment. Of significance is the fact that in his complaint appellant alleged that appellees entered into an oral agreement to sell him a certain lot for $4,000 cash and one hundred yards of fill. As part of this complaint, appellant further alleged that in another case in the superior court appellees had admitted "the existence of the oral contract between the parties upon which this action is based." In such circumstances the burden of proof was upon appellees to establish the non-existence of the alleged oral contract with appellant.[9] Viewing those portions of the record we have alluded to in the light most favorable to appellant, we are of the opinion that genuine issues existed as to the material facts of whether or not the parties had entered into an oral contract of sale and whether or not appellees had admitted in their pleadings "or at any other stage of this or any other action or proceeding the making of an agreement." [10]

The partial summary judgment entered below is reversed and the cause remanded for further proceedings.

---

In an affidavit which was filed in the separate litigation we have mentioned, appellee Monroe Fields stated in part that:

> On or about the 21 day of May, 1965, I was approached by Adrian Gray on the possibility of his purchase of the lot involved in this law suit from me. At that time, I explained to him that I had not finished paying for the lot and that there were certain details that would have to be worked out before I could sell it.

7. Monroe Fields, in part, averred that, "My wife never discussed a sale of the lot with Adrian Gray. At the time he spoke to me about the lot * * * I was alone. He has never paid me anything on the lot or offered any money at all on the lot. * * * Under no circumstances would I have let him have possession."

8. Gustava Fields further stated that, "The only time he mentioned the lot to me at all was after my husband had fenced it. He came up to the house and told me that he had bought it. He gave me the impression that he had bought it from Peterson."

9. In 6 J. Moore, Federal Practice ¶ 56.15 [3], at 2342–2343 (2d ed. 1966) (footnotes omitted), it is stated that:

> [T]he burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment, whether he or his opponent would at trial have the burden of proof of the issue concerned; and rests on him whether he is by it required to show the existence or non-existence of facts.

10. In Wilson v. Pollet, 416 P.2d 381, 383–384 (Alaska 1966) (footnotes omitted), we said in part:

> In ruling on a motion for summary judgment all reasonable inferences from the proofs offered are drawn against movant and viewed in the light most favorable to the party opposing the motion. The court's function when ruling on a motion for summary judgment is to decide whether or not a genuine issue as to any material fact exists. The court is not to resolve any existing genuine issues as to material facts in determining a summary judgment motion.

Also germane to disposition of this appeal is that portion of our opinion in *Wilson* where we stated:

> It is also established that if, at the hearing on a motion for summary judgment, there is contradictory evidence, or the movant's evidence is impeached on material matters, then an issue of credibility is raised * * *. When such a situation occurs, the court should not attempt to resolve any genuine issue as to credibility and the motion should be denied as movant has failed to establish the absence of any triable issue of material fact.

Id. at 384.