Pete AIKEN et al., Appellants,

v.

Lawrence JEFFERSON et al., Appellees.

No. 2460.

Supreme Court of Alaska.

June 4, 1976.

Richard J. Ray and Eugene Miller, Miller & Ray, Fairbanks, for appellants.

Lloyd I. Hoppner and Linda Walton, Rice, Hoppner & Hedland, Fairbanks, for appellees.

Before BOOCHEVER, Chief Justice, RABINOWITZ, ERWIN and BURKE, Justices, and DIMOND, Justice Pro Tem.

OPINION

ERWIN, Justice.

During the latter part of May, 1973, the parties to this action entered into negotiations for the sale of certain property located in Fairbanks, Alaska. Problems developed, and as a consequence the appellants filed a complaint for specific performance of an alleged oral contract for the sale of real property.

The appellants, small contractors who knew appellee Jefferson and had worked with him on various jobs in the past, initiated the preliminary discussion to obtain the property in question because of Jefferson's financial plight. At the initial meeting, attended by appellant Aiken and Jefferson, the discussion focused on the latter's loan with the Small Business Administration, the liens against the property, an earnest money agreement and another buyer's offer of purchase. At a second meeting, apparently occurring shortly after the first, Aiken proposed in exchange for the property a down payment of $10,000, an assumption of the Jeffersons' loan payments to the Small Business Administration, and payment of liens against the property. The record does not disclose what, if anything, came of this offer. On

May 22, 1973, a third meeting was held and all parties were in attendance. The sale of the property was again discussed; it was decided that the appellants would confer with the Small Business Administration regarding their assumption of the Jeffersons' loan payments before any further action would be taken.

On May 23, 1973, after conferring with Small Business Administration representatives and visiting the recording office, the parties met again to discuss the sale of the property. At this meeting Jefferson made certain verbal commitments and executed a written memorandum which provided as follows:

> I, Lawrence Jefferson, do agree to relinquish all my interest in the property listed with SBA under Lawrence T. and Mary Jefferson—SBA Loan No. DL725726–00–05–FAI to AJR Company: Pete Aiken, Dewitt Jackson and Willie Ratcliff in consideration for the sum of ($1.00) One Dollar and the promise to assume payments on above mentioned loan and other obligations associated with said loan agreed to by SBA. Signed, Lawrence T. Jefferson, Mary Jefferson by Lawrence T. Jefferson, Attorney in Fact.

Jefferson signed the document for himself and for his wife, as her attorney-in-fact. Jefferson testified at a subsequent deposition that he considered the document "our meeting of the minds."[1]

Later that night Jefferson received another offer to purchase the property, the terms of which were more favorable than the appellants'. In light of this new offer, Jefferson called one of the appellants and informed him of his intention to withdraw from the agreement they had reached earlier in the evening.

The following day, May 24, 1973, despite Jefferson's expressed intention to revoke the agreement, the appellants made arrangements with the Small Business Administration to assume the Jeffersons' loan payments and, in addition, made a payment of $10,000 to that institution so as to prevent the foreclosure sale scheduled for that afternoon. The appellants also filed suit against the appellees seeking specific performance of the alleged contract entered into by the parties on May 23, 1973, for the conveyance of the property in question. On April 18, 1974, almost a year later, the appellees filed a motion for summary judgment against the appellants; and the motion was granted. The appellants appeal from the superior court's order which granted the appellees' motion for summary judgment.

Alaska Civil Rule 56(c), the procedural rules provision under which a motion for summary judgment may be brought, provides in pertinent part that:

> Judgment shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. . . .

The appellants' main contention in this action is that the trial court's determination that there was an absence of any genuine issue as to a material fact was error.

In the court below the appellants argued the existence of an oral contract in seeking specific performance. Because of this the trial court determined that the Statute of Frauds,[2] which requires an agreement for

---

1. Appellants submit that the consideration for the conveyance was their assumption of the Jeffersons' obligation to the Small Business Administration and a promise to pay to the Jeffersons a side note in the amount of $40,000, $8,000 to be paid within thirty days and the balance to be paid over the next five years.

2. AS 09.25.010(b) provides:
   No estate or interest in real property, other than a lease for a term not exceeding one year, nor any trust or power concerning the property may be created, transferred, or declared, otherwise than by operation of law, or by a conveyance or other instrument in writing subscribed by the party creating,

the sale of real property to be in writing in order to be enforceable, was applicable and therefore a bar to specific performance of the alleged contract. It was the appellants' contention below, as it is herein, that the agreement did not fall within the Statute of Frauds because Jefferson admitted in a deposition the making of an oral contract to sell the property in question on the night of May 23, 1973. They submit that this admission brings the contractual issue squarely within an exception to the Statute of Frauds. Specifically, they rely on § 09.-25.020(4), which provides:

A contract, promise, or agreement which is subject to § 10 of this chapter, which does not satisfy the requirements of that section, but which is otherwise valid is enforceable if

.   .   .   .   .   .

(4) the party against whom enforcement is sought admits, voluntarily or involuntarily, in his pleadings or at any other stage of this or any other action or proceeding the making of an agreement  .  .  .

Upon examining Jefferson's deposition in the light most favorable to the appellants, we do not find that a genuine issue existed as to the material fact of whether or not Jefferson admitted making an agreement to sell the property.[3]

However, in reviewing the deposition we do find that Jefferson admitted to an option contract. In essence, the option provided that Jefferson agreed to sell his land on the terms orally agreed to if the SBA approved—the consideration for this option was the payment of one dollar.[4]

In view of the fact that the trial court did not make any ruling with respect to an option contract, we remand this case so that fact findings can be made on the nature of the option; specifically, whether the contract comports with the certainty requirement called for in suits for specific performance.[5] Also to be considered is the question of whether such an option contract could be, or was in fact, revoked by Jefferson's actions on the night of May 23, 1973.

The summary judgment entered below is reversed and the case remanded for further proceedings in conformity with this opinion.

CONNOR, J., not participating.

transferring, or declaring it or by his agent under written authority and executed with the formalities that are required by law. This subsection does not affect the power of a testator in the disposition of his real property by will, nor prevent a trust's arising or being extinguished by implication or operation of law, nor affect the power of a court to compel specific performance of an agreement in relation to the property.

3. In *Wilson v. Pollet*, 416 P.2d 381, 383–384 (Alaska 1966) (footnotes omitted), we said in part:
> In ruling on a motion for summary judgment all reasonable inferences from the proofs offered are drawn against movant and viewed in the light most favorable to the party opposing the motion. The court's function when ruling on a motion for summary judgment is to decide whether or not a genuine issue as to any material fact exists. The court is not to resolve any existing genuine issues as to material facts in determining a summary judgment motion.

*Also see Gray v. Fields*, 440 P.2d 855, 856 (Alaska 1968).

4. The record reflects there is some question with respect to whether or not Jefferson received the one dollar payment. In this appeal we must assume that the dollar was paid in consideration for the option since as far as the motion for summary judgment is concerned, all disputed facts must be resolved in favor of appellants.

5. Because the terms of the option contract will be determined in future proceedings, we consider it appropriate to note that this court has dealt with the requirement of certainty in three cases: *Alaska Creamery Products v. Wells*, 373 P.2d 505 (Alaska 1962); *Lewis v. Lockhart*, 379 P.2d 618 (Alaska 1963), and *Rego v. Decker*, 482 P.2d 834 (Alaska 1971). We have also taken the opportunity in two other cases to consider specific problems which arise when dealing with the question of certainty: *Hollaus v. Arend*, 511 P.2d 1074 (Alaska 1974), and *Prokopis v. Prokopis*, 519 P.2d 814 (Alaska 1974). These cases and the subject in general were thoroughly dealt with in a recent law review article. *See* Comment, Requirements of Certainty in Land Sale Contracts in Alaska, 5 U.C.L.A. Alaska L.Rev. 112 (1975).