[Criminal No. 928. Filed December 14, 1942.]

[132 Pac. (2d) 436.]

# STATE OF ARIZONA, Appellee, v. L. L. HULL, Appellant.

Mr. Joe Conway, Attorney General, and Mr. Albert M. Garcia, Assistant Attorney General, for Appellee.

Mr. T. E. Scarborough, for Appellant; Mr. Terrence A. Carson, of Counsel.

LOCKWOOD, C. J.—L. L. Hull, defendant, was informed against by the county attorney of Maricopa County for the crime of receiving stolen goods. He was tried before a jury which found him guilty, and he was duly sentenced to serve a term in the state prison. Thereafter this appeal was taken.

. . .

There are six assignments of error, some which contain more than one subdivision, but they may be summed up under three heads: (a) That the evidence did not sustain the verdict; (b) that certain exhibits were improperly admitted in evidence; and (c) that due to the misconduct of the county attorney the defendant did not have a fair and impartial trial.

We consider first the sufficiency of the evidence. In so doing, we must of course consider the testimony in the strongest manner in favor of the verdict. Thus considered the material evidence on behalf of the state may be summarized as follows: Defendant for several years had conducted a place known as the Lafayette Cafe in the city of Phoenix, where liquor was sold and dancing conducted. One W. S. Brashear, who had a large cooler installed upon his premises in Phoenix, discovered that the cooler had been stolen on either August 20 or 21, 1941. Immediately thereafter he made a report of the loss to the sheriff's office. About midnight on August 21, one Lester Pinkston drove a Chevrolet coupe owned by defendant into the alley behind the Lafayette Cafe, and, with the assistance of two men who were near there, unloaded from the coupe a cooler which was afterwards identified by Brashear as the one stolen from him, and placed it in defendant's garage under some hay. Sometime thereafter the cooler was installed in defendant's place of business. One of the men who helped take the cooler out of the car testified that on September 5 the following conversation occurred between him and defendant:

"Q. Will you please relate that entire conversation?

"A. He asked me if I had saw this Pinkey and this guy with the mustache, and I said 'Yes'. He said 'Tell them to get out of town, that the law was here just now looking for them.'

"Q. Was there anything further?

"A. I asked him what he was holding. He said, 'I got that big blower up there by the piano.' "

On October 18, deputy sheriff LaMore went to defendant's place of business, in company with one John Jacobs and some other parties, and there found in defendant's car some Navajo blankets which Jacobs identified as some which had been stolen from him previously. This claim was communicated to defendant at the time and the latter said that he had bought them but was not sure at the time from whom. Defendant's place of business was then searched and there was found therein an electric cooker and a tool box and tools which had been reported to the sheriff's office previously as having been stolen. Defendant stated later, on being questioned by the county attorney in regard to the matter, that he had bought the blankets and electric cooker from Pinkston, and the tools and cooler from one Robert Hinson. All of this testimony was admitted without any objection from defendant. Thereafter the county attorney offered in evidence the blankets, tools and electric cooker, and they were admitted over defendant's objection. Hinson was placed on the stand by the state and denied positively having sold the cooler in question to defendant, and it was shown by disinterested witnesses that he had not even been in Phoenix between August 19 and September 5, but out of the state.

Is this evidence sufficient to sustain a verdict of guilty of receiving stolen goods, knowing them to be stolen? So far as the first element is concerned, there can be no question that the defendant did receive stolen goods, and, indeed, he does not deny this. It is his contention, however, that he had absolutely no knowledge that the goods were stolen until he was so informed by the officers.

It is as essential to prove guilty knowledge on the part of the defendant as it is to prove that the

goods were stolen, and the real question is whether the evidence in the present case is sufficient for that purpose.

■ While it is true that guilty knowledge cannot rest on mere supposition and the evidence must show it beyond a reasonable doubt, nevertheless this fact may be established by circumstantial as well as by direct evidence. *Chass* v. *United States,* 3 Cir., 258 F. 911; Id., 250 U. S. 665, 40 Sup. Ct. 12, 63 L. Ed. 1196; *Vacalis* v. *State,* 204 Ala. 345, 86 So. 92; *State* v. *Stanley,* 123 Kan. 113, 254 Pac. 314; *State* v. *Zeman,* 63 Utah 422, 226 Pac. 465.

■ The mere possession of stolen goods by a defendant does not in and of itself establish guilty knowledge, but it is a circumstance to be considered with all the other evidence of the case as bearing upon that issue, and a finding of guilty knowledge and a conviction will be sustained when the evidence of possession is supplemented by other evidence. Among the supporting evidence may be false, evasive or contradictory statements by the accused as to his possession of the property. *Nakutin* v. *United States,* 7 Cir., 8 Fed. (2d) 491; Id., 269 U. S. 585, 46 Sup. Ct. 201, 70 L. Ed. 425; *Gunter* v. *State,* 17 Okl. Cr. 404, 189 Pac. 200; *Gunther* v. *People,* 139 Ill. 526, 28 N. E. 1101. Evidence of possession of other stolen property is also admissible on the question of knowledge. *Wertheimer & Goldberg* v. *State,* 201 Ind. 572, 169 N. E. 40, 68 A. L. R. 178. And the unusual manner of the acquisition of the property is pertinent to the question. *Wood* v. *State,* 18 Ala. App. 654, 94 So. 256. The evidence shows that the cooler was brought to defendant's place of business at an unusual hour and there concealed; that defendant made a false statement as to the persons from whom he had secured it; that other goods which had been reported to the police as stolen were also found in his possession.

Under all these circumstances we think it is a question for the jury as to whether he had guilty knowledge when he admittedly received the stolen property.

 The next question is as to the admissibility of the exhibits. These exhibits consisted of Navajo blankets, which were identified by the owner as having been stolen from him, and an electric cooker and a box of tools, which it was shown had been reported to the police as stolen long before they were found in possession of defendant. We think these were admissible in evidence as being other stolen property found in possession of defendant. No objection was made to the identification of these articles as property which had been reported to the police as stolen. The only objection to the introduction in evidence of the articles themselves was that they were immaterial and irrelevant and not properly identified. We think it was not error for the court to admit them under the circumstances.

 The third question is whether the general conduct of the county attorney was such as to show that defendant did not have a fair trial. This apparently was based on the argument that many of the witnesses for the state were of known bad character, and some had even served time in the penitentiary or had been held in jail before the trial. All of this was brought out before the jury, and it undoubtedly took these facts into consideration in evaluating the testimony of the witnesses. The mere fact that a witness is an ex-convict or of bad character does not of itself forbid his testimony from being received, and it is a question for the jury as to its credibility. Nor was the fact that the witness LaMore had in another unrelated case had his testimony stricken on the ground he had violated instructions of the court about conversing with witnesses admissible in evidence in this case.

We have read the entire transcript of evidence, and cannot say that the conduct of the trial was such that the case should be reversed on that account.

The judgment is affirmed.

McALISTER and ROSS, JJ., concur.