Calos Ortiz **JOHNSON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 21145.

United States Court of Appeals
Ninth Circuit.

Dec. 30, 1966.

Maurice M. Stern, R. Lamar Couser, Tucson, Ariz., for appellant.

William Copple, U. S. Atty., John L. Augustine, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before BARNES and HAMLEY, Circuit Judges, and BYRNE, District Judge.

PER CURIAM.

■ Appellant, an American Indian, was convicted (with a co-defendant who has not appealed) of breaking and entering at nighttime the White River Trading Post, located within the territorial confines of the Fort Apache Indian Reservation in Arizona. (18 U.S.C. § 1153.)[1] Under the law of Arizona, burglary is defined as "entering a building * * * [or] shop * * * with intent to commit grand or petty theft, or any felony * * *." Ariz.Rev.Stat.Ann., § 13–302, subsec. A: "Burglary committed in the nighttime is burglary of the first degree, * * *." Ariz.Rev.Stat.Ann., § 13–302, subsec. B. Cf. § 13–301. The evidence here introduced proved that crime. We have jurisdiction on appeal. (28 U.S.C. § 1291.)

Two errors are alleged. One relates to the statement of a government witness respecting a conversation with defendant on a certain date. In reply to a question by the judge as to why the defendant was in the witness' office on that particular day, the witness answered defendant was under arrest "on another charge."

■ No objection or motion to strike was made by counsel for defendant. In view of (a) the overwhelming evidence of defendant's guilt, and (b) his admission of the fact of his entry into the premises, and (c) his admitted prior felony conviction, we find in this incident no "plain error," but mere "harmless error." Rule 52, Fed.R.Crim.P. Neal v. United States, 342 F.2d 730 (9th Cir. 1965).

Appellant's second point is of no merit. It approaches, if it does not achieve, the ludicrous. It is the refusal to give Instruction No. 4.

■ First, appellant has failed to comply with our Rule of Court 18(d). For that reason we are under no obligation to consider it. However, appellee has, as the appellant should have, set out the refused instruction in *totidem verbis*.

■ Second, appellant's requested instruction was to the effect that there is no criminal responsibility if the acts were done in fear of danger to the actor's life. Such an instruction is proper only where there is evidence which is both competent and substantial in amount which could establish "threats or menaces which create in his [defendant's] mind a fear of *imminent* and *immediate* danger * * * that *his life* will be endangered." (Defendant's Proposed Instruction No. 4, C.T. p. 3, emphasis added.) The only threat or menace was that codefendant Moody "pulled his chest out." Defendant explained his conduct by his drunkenness, his illness and his fear of his partner.

---

1. "§ 1153. Offenses committed within Indian country

Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, rape, incest, assault with intent to kill, assault with a dangerous weapon, arson, burglary, robbery, and larceny within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

As used in this section, the offense of rape shall be defined in accordance with the laws of the State in which the offense was committed, and any Indian who commits the offense of rape upon any female Indian within the Indian country, shall be imprisoned at the discretion of the court.

As used in this section, the offense of burglary shall be defined and punished in accordance with the laws of the State in which such offense was committed. [As amended May 24, 1949, c. 139, § 26, 63 Stat. 94.]"

He said, *"maybe* I feared I guess, I feared my companion." (R.T. p. 79, emphasis added.) He also testified that he was not forced to go into the store, but "was persuaded." (R.T. p. 81.) Since there was no evidence which could justify the jury in utilizing this statement of the law, the court was under no obligation to give the proffered instruction.

Finding no error, we affirm.