445 P.2d 88

**The STATE of Arizona, Appellee,**

v.

**Alex GRIJALVA, Appellant.**

**No. 2 CA–CR 114.**

Court of Appeals of Arizona.

Sept. 12, 1968.

**206**

———◆———

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Manuel H. Garcia, Tucson, for appellant.

HATHAWAY, Chief Judge.

Alex Grijalva was tried to a jury and found guilty of receiving stolen property. He appeals from that conviction and the court's denial of his motion for a directed verdict.

The facts reveal that an automobile belonging to one Joseph Mendoza was stolen and was found stripped shortly after the theft. A Richard Tully testified that he saw three boys, around noon on the day following the theft, hurriedly carrying some auto parts into an apartment he rented to one Henry Verde. A few days later the auto parts stolen from Mendoza's automobile were found by the police in the apartment rented by Verde. Tully stated at trial that the defendant looked like one of the boys but that he could not positively identify him.

Maria Martinez, who was living in the apartment with the Verdes and Albert Montenegro, testified that Grijalva had brought "some things" to the apartment. The connection between these "things" and the stolen goods, which are the subject of this prosecution, is shown by her following testimony:

"Q. Do you recall telling the policemen who brought the parts into the apartment?

\* \* \* \* \* \*

"THE WITNESS: Yes.

\* \* \* \* \* \*

"Q. And who did you tell the police brought the parts into the apartment?

\* \* \* \* \* \*

"THE WITNESS: I don't remember his name.

"Q. Do you see the person in court even though you don't know his name?

"A. Yes.

"Q. Would you point him out then, please? Would you point him out, please? What does he have on?

"A. Blue.

"Q. What?

"A. Blue.

"Q. He has on blue. Where is he in the courtroom?

"A. Sitting down.

"Q. Is that the truth?

"A. Yes.

"THE COURT: For the record, so there is no question as to who she intends to point out, would you please go back there, Mr. Augustine, and point to either the Defendant or Mr. Garcia so there is no question. I don't know if the record is clear or the Jury is clear.

"Did you point to this man?

"THE WITNESS: No.

"THE COURT: Did you point to this man?

"THE WITNESS: Yes.

"MR. AUGUSTINE: May the record show she indicated this man when

I was standing behind, holding my hand over the Defendant's head?

"THE COURT: The record will so reflect."

On cross-examination the following testimony appears:

"Q. During these few days that you were in this apartment three other people were living there, isn't that true? There was Eileen and Henry Verde and Albert Montenegro, is that right?

"A. Yes, sir.

"Q. Had you known Alex Grijalva at that time? You know this young man sitting here next to me?

"A. Yes.

"Q. And did you see him come over to the house one day there when you were living there?

"A. I don't remember seeing him come over there.

"Q. Well, you just said that he brought some things over.

"A. Oh.

"Q. Did you see him bring them?

"A. Yes."

The defendant appeals contending:

1. That the court erred in denying the defendant's motion for a directed verdict to the receiving stolen property count because

a. The State failed to prove the value of the parts as being in excess of $50 as required by the statute.[1]

b. There was insufficient evidence of guilty knowledge.

2. That the trial court erred by instructing the jury as to

a. Value of the stolen goods

b. Possession or claim of ownership constituting evidence, though alone insufficient, upon which the jury could base a verdict of guilty.

The automobile parts, indisputably stolen, were four magnesium rims and tires mounted thereon, an intake manifold and a four-barreled carburetor thereon, a four-speed transmission including linkage, a center console, four headlights, and a drive shaft. The prosecutor apparently thought that the value was obviously in excess of $50 and made no attempt to introduce outside evidence of value. The owner of the stolen car testified that the vehicle cost about $4,500 new and that he had paid $220 for the "Mag" rims

The car was about one year old when stolen; therefore, if the rims were purchased new for use on the car, they could not have been more than one year old. If they were purchased used, their value might well have remained unchanged at the time the defendant received them. The jury had the opportunity to examine the condition of the rims and the other automobile parts and to determine the condition of these items and what deterioration in value, if any, might have occurred.

While the jurors may not be permitted to speculate as to value, State v. Hull, 60 Ariz. 124, 132 P.2d 436 (1943), they should be permitted to use common sense. We conclude that the evidence supports their finding that the property exceeded $50 in value. Cf. Murphy v. State, 50 Ariz. 481, 73 P.2d 110 (1937).

A.R.S. § 13-621, subsec. A requires, before a person may be convicted of receiving stolen property, proof of intent to deprive the owner of the possession of his property with knowledge that such property had been stolen. Possession alone of stolen goods is insufficient to support a conviction of the crime of receiving stolen property, since mere possession in and of itself does not establish guilty knowledge of the possessor. State v. Tellez, 6 Ariz.App. 251, 431 P.2d 691 (1967). Possession of stolen goods under suspicious circumstances, however, presents a

[1]. Set forth in A.R.S. § 13-621, subsec. A.

jury question as to the defendant's knowledge of the stolen character of the property. State v. Hull, supra. It is the function of the jury to decide what reasonable inferences may be drawn from the evidence, State v. Green, 103 Ariz. 211, 439 P.2d 483 (1968).

The testimony of Tully, taken with that of Miss Martinez, identified the defendant as one of three boys who were seen suspiciously running into the apartment with items which were later identified as the stolen goods. People do not normally hide four mounted tires, a transmission, a console, a drive shaft, and other bulky automobile parts, under a bed or in a closet in an apartment. This alone would seem sufficient to warrant a finding that the possession was under suspicious circumstances. There would seem to be no need to secrete the goods in such a manner, unless knowledge of their stolen character compelled such concealment. The jury was justified in its conclusion that the unusual hiding place of the goods, together with the furtive manner in which they were placed there, sufficiently evidenced the defendant's guilty knowledge of the stolen character of the goods. State v. Valencia, 2 Ariz.App. 301, 408 P.2d 234 (1965).

The defendant has not set forth in haec verba in his brief the instructions complained of on appeal as required by Rule 5(b), par. 10, Rules of the Supreme Court, 17 A.R.S. (made applicable to criminal cases by Rule 15). Under such circumstances this court has no duty to consider the challenged instruction, Johnson v. United States, 370 F.2d 495 (9th Cir. 1966), and we therefore decline to do so.

We have reviewed the record in search of fundamental error and find none.

The judgment is affirmed.

MOLLOY, J., and ALICE N. TRUMAN, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge ALICE N. TRUMAN was called to sit in his stead and participate in the determination of this decision.