**L. I. STRICKLAND and Bernard F. Wendt et al., Plaintiffs-Appellants,**

v.

**Jack Morgan WATT and Car Parts Manufacturing Corporation et al., Defendants-Appellees.**

No. 25818.

United States Court of Appeals, Ninth Circuit.

Jan. 17, 1972.

John A. Weyl (argued), of Henshey, Beeman & Weyl, Hollywood, Cal., Eldridge & Benchoff, Phoenix, Ariz., for plaintiffs-appellants.

Robert F. Owens (argued), of Tanner, Jarvis, Owens & Hoyt, Phoenix, Ariz., for defendants-appellees.

Before BROWNING and HUFSTEDLER, Circuit Judges, and FERGUSON,* District Judge.

PER CURIAM:

Several judgment creditors sought to enforce California judgments in the United States District Court in Arizona. The judgments were currently enforceable in California, which has a ten-year limitations period on judgments. C.C.P. § 337.5. However, the district court entered summary judgment for the appellees because of Arizona's four-year statute of limitations on foreign judgments. A.R.S. § 12–544, subsec. 3.

1. Appellants argue that the Full Faith and Credit Clause of the Constitution compels recognition of California's longer statute of limitations. The Supreme Court has held otherwise. Wells v. Simonds Abrasive Co., 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211 (1954), is one of a long line of cases authorizing the forum to apply its own statute of limitations if it so desires. *See also* Pritchard v. Norton, 106 U.S. 124, 1 S. A. 102, 27 L.Ed. 104 (1882); Hawkins v. Barney, 30 U.S. [5 Pet.] 457, 8 L.Ed. 190 (1831). The Full Faith and Credit Clause does not compel recognition of a

* Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation.

different period. *Wells; supra*, 345 U.S. at 516–518, 73 S.Ct. 856, 97 L.Ed. 1211.

■ Appellants suggest, on the authority of San Manuel Copper Corp. v. Redmond, 8 Ariz.App. 214, 445 P.2d 162 (Ariz.1968), that an Arizona court would apply the longer of two conflicting statutes of limitations. But that case dealt with two Arizona statutes, not with a conflict between forum and foreign statutes. In the latter situation, Arizona courts apply the Arizona statute of limitations. *See, e. g.,* Ross v. Ross, 96 Ariz. 249, 393 P.2d 933 (Ariz.1964).

2. Appellants argue that summary judgment was improperly granted.

They contend that appellees' affidavits do not meet the stringent requirement of Rule 56(e) of the Federal Rules of Civil Procedure that they "shall be made on personal knowledge . . . and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The claim is without merit. Mr. Watt swears to where he was and where his wife and stepson lived during the relevant periods. He evinces direct personal knowledge of these matters.

■ Appellants next argue that because Mr. Watt had been previously convicted of a felony, summary judgment was automatically unavailable, citing Kasper v. Baron, 191 F.2d 737 (8th Cir. 1951). But in that case the credibility of the affiant was challenged, the weight of his testimony attacked, and certain of his admissions were shown to be in conflict with his affidavit. *Id.* at 738. In the present case, appellants have not contradicted the facts asserted in Mr. Watt's affidavit regarding residency in Arizona. State v. Hull, 60 Ariz. 124, 132 P.2d 436 (Ariz.1942), also cited by appellants, merely holds that the credibility of the testimony of an ex-convict is a question for the jury. 60 Ariz. at 129, 132 P.2d 436.

Appellants also argue that the affidavits do not establish the absence of all triable issues of fact. But the facts are uncontroverted. Appellants' affidavits were not inconsistent with those of appellees.

At oral argument appellants conceded that even excluding the time Mr. Watt spent in prison, he resided in Arizona for more than four years before this action commenced. The affidavits established Mrs. Watt's Arizona residency for an even longer period, without any contradiction. Appellants conceded that any liability of the third appellee, the son of the principal defendants, is wholly derivative from the alleged liability of his parents.

■ Appellants' only remaining argument, therefore, is that the statute of limitations on foreign judgments was tolled when Mr. Watt changed his name to Scott upon first entering Arizona. Appellants have cited no Arizona statute or decision to support this argument.[1] Moreover, it was not raised in the court below and therefore cannot be urged as ground for reversal.[2]

Affirmed.

---

1. We were referred to Acton v. Morrison, 62 Ariz. 139, 155 P.2d 782 (Ariz. 1945), and Tom Reed Gold Mines Co. v. United Eastern Mining Co., 39 Ariz. 533, 8 P.2d 449 (Ariz.1932), construing A.R.S. § 12–543. But these authorities deal with the fraudulent concealment of a cause of action and obviously have no application here.

2. Appellants suggested at oral argument that the fact that a five-year period of limitations applies to domestic judgments (A.R.S. § 12–1551) and a four-year period to foreign judgments (A.R.S. § 12–544) may constitute a violation of the Equal Protection Clause of the Fourteenth Amendment. *See* Watkins v. Conway, 385 U.S. 188, 87 S.Ct. 357, 17 L.Ed. 2d 286 (1966). However, the point was not raised below (nor even in the briefs before this court) and may not be raised now.