520 P.2d 1130

**STATE of Arizona, Appellee,**

v.

**Howard Linzy PAYNE, Appellant.**

**No. 2814.**

Supreme Court of Arizona, In Division.

April 15, 1974.

Gary K. Nelson, Atty. Gen., by Michael C. Anderson, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by John Foreman, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

This is an appeal from a judgment of guilty and a sentence of four to five years in jail. Defendant Howard Linzy Payne was originally bound over on one count of child molesting, after a preliminary hearing.

As a result of a plea bargain, it was stipulated that the charge would be reduced to "attempted" child molesting, in return for which defendant would submit the case on the merits to the trial court without a jury "solely on the basis of the preliminary transcript."

Before accepting the stipulation, the trial judge questioned the defendant as to his understanding of the stipulation. The matter was taken under advisement on March 9, 1973, and on March 27, 1973, the court found defendant guilty of attempted child molesting. On April 20, 1973, defendant filed a motion to reopen for further testimony, for the reason that the defendant "was and still is under the impression that he was waiving only the right of confrontation and cross-examination . . . never had an opportunity to testify and offer evidence in his own behalf, [and] never knowingly or understandingly waived his right to testify and offer evidence in his own behalf."

At the hearing on the motion, the defendant came prepared to testify, and brought two witnesses. The court reread aloud the transcript of the March 9, 1973 hearing and denied the motion.

The transcript of the March 9, 1973 hearing reveals the following questions by the court and answers by defendant:

"Q. Is that your wish, Mr. Payne, to waive your right of trial by jury and submit the matter on the record made at the preliminary hearing?

"A. Yes.

"Q. You have discussed this matter fully with your lawyer . . . ?

"A. Not fully, no.

"Q. Are you aware you do have a right of trial and a right to have a jury determine your guilt or innocence?

"A. Yes.

"Q. Did you understand that?

"A. Yes.

"Q. And it's your wish to waive that trial and submit the matter on the record made at the preliminary hearing?

"A. Yes.

"Q. And have the Court determine the guilt or innocence based solely on that transcript of the proceedings at the preliminary hearing?

"A. Yes sir.

"Q. That is your wish, then, is that correct?

"A. Yes."

■ It appears from the transcript that defendant understood the questions, assured the court of that fact, agreed to precisely what was done, and should not now be allowed to change his position after learning that the case went differently than he anticipated.

The state, in its brief before this court, notes that defendant "waited nearly a month before all of a sudden objecting."

Defendant filed a reply brief in this court in pro per, in which the closing paragraph states:

"That the defendant did not know the meaning of 'stipulation' as used by the court, and being his first time charged with crime, it is understandable that the accused knew nothing of the proceedings against him. Let alone the meaning of waivers or of the fact that he had any rights to waive, this court cannot consider any act as voluntary unless the accused knew the value of his failure to object to actions contrary to his welfare."

Aside from that paragraph, the points which he raises are either invalid or unsupported by the record, and no useful purpose would be served by discussing them.

■ His attorney, however, in his opening brief, raises an issue which we think requires consideration here. His proposition is that a stipulation that a case be decided solely on the transcript of the preliminary hearing, which contains no evidence upon which a court could acquit, is tantamount to a plea of guilty and must be accompanied by the safeguards of Boykin v. Alabama, 395 U.S. 238, 80 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

We find one flaw in defendant's position. A reading of the transcript of the preliminary hearing indicates that the stipulation between the state and the defendant was not tantamount to a plea of guilty.

**508**

The trial court had the matter under advisement for eighteen days. The evidence in the transcript is only the testimony of one witness, a ten-year-old girl, the alleged victim of the molestation. In cases such as this, the vagueness and confusion of a child witness is not uncommon. Although the magistrate had found probable cause to bind the defendant over, the defense had an expectation that the experienced trial judge might not find the defendant guilty beyond a reasonable doubt.

Since it appears that submission on this record was not tantamount to a guilty plea, we do not find In re Mosley, 1 Cal.3d 913, 83 Cal.Rptr. 809, 464 P.2d 473 (1970), cert. denied 400 U.S. 905, 91 S.Ct. 144, 27 L. Ed.2d 142 and People v. Levey, 8 Cal.3d 648, 105 Cal.Rptr. 516, 504 P.2d 452 (1973) to be controlling.

Judgment of conviction and sentence affirmed.

STRUCKMEYER and HOLOHAN, JJ., concur.