533 P.2d 663

**STATE of Arizona, Appellee,**

v.

**Thomas M. MOORE, Appellant.**

**No. 3043.**

Supreme Court of Arizona,
En Banc.

April 1, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen., by Frank T. Galati, Asst. Atty. Gen., Phoenix, for appellee.

Thomas A. Moran, Yuma, for appellant.

HAYS, Justice.

The defendant, Thomas M. Moore, entered a plea of not guilty to the charge of assault with intent to commit murder while armed with a gun. ARS § 13–248. Moore shot a friend of his who had just had sexual intercourse with Moore's wife. Whether Moore consented to this activity and whether Moore remembered the shooting were the primary issues of fact. Before trial, the defendant served notice of his intention to introduce evidence that he was mentally defective or insane at the time of the incident.

During the trial, an osteopath specializing in psychiatry testified on Moore's behalf. Relying on Moore's version of the night in question, the expert testified that in his opinion, the defendant had gone into a condition called an "hysterical fugue" engendered by the shock occasioned when Moore awoke to find his wife and friend engaging in sexual intercourse. He testified further that, in his opinion, Moore was not usually "legally insane" according to the M'Naghten Rule except that during this episode, he would not have known the nature and quality of his acts nor right from wrong. Upon being presented with the hypothesis that the victim's testimony was true that Moore consented to this activity and only later became angry, the expert testified that this would have made a difference in his opinion. Obviously in finding Moore guilty the jury believed the victim's version of the incident, and therefore further found, based on the expert's own testimony, that he was not insane.

The State introduced into evidence a detailed statement of Moore's, made to the police days following the shooting. There was also much evidence introduced concerning the drunkenness of all three persons.

The defendant contends on appeal that it was error for the trial court to have refused the following instruction:

"The Defendant has introduced evidence as to his insanity at the time the criminal act charged was committed.

"The State has failed to call expert medical witnesses to rebut or contradict the Defendant's evidence, therefore, the law provides that there is an inference raised that the Defendant's evidence as to his insanity at the time he committed the act is true."

This contention is similar to that raised in State v. Corley, 108 Ariz. 240, 495 P.2d 470 (1972). In that case, the issue was whether an inference arose that the defendant's evidence was true as to his insanity because of the state's failure to call expert medical witnesses in contradiction, and if the inference were so raised, whether the defendant was entitled to such an instruction. The defendant in *Corley* also quoted the following language from State v. Schantz, 98 Ariz. 200, 403 P.2d 521 (1965), cert. denied 382 U.S. 1015, 86 S.Ct. 628, 15 L.Ed.2d 530 (1966):

"There is an inference arising out of the failure of the State to call expert medical witnesses in rebuttal that the defendant's evidence as to insanity is true because uncontradicted . . ." 98 Ariz. at 213, 403 P.2d at 530.

As we said in State v. Corley, *supra*, the inference is one that may arise in the minds of the jurors but it is not an inference as a matter of law. The defendant was not entitled to an instruction on the issue.

Furthermore, the credibility of the expert witnesses and the weight to be given their testimony is a matter for the determination of the jury. State v. Ganster, 102 Ariz. 490, 433 P.2d 620 (1967). The instruction on that point was entirely proper.

We will review the evidence in the light most favorable to sustaining the verdict and therefore all reasonable inferences will be resolved in favor of the State. State v. Ganster, *supra*. A defendant is presumed sane but if he raises the issue of insanity, it becomes the burden of the State to prove sanity beyond a reasonable doubt. State v. Ganster, *supra*. The

jury was so instructed and the State has met its burden in this instance.

The jury's finding of guilt is not contrary to the weight of the evidence. The sentence is within statutory limits. The judgment of guilt and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.