O'BRIEN and DUNCAN, JJ., concur.

**Jerry DUNCAN, alias, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

April 15, 1975.

Certiorari Denied by Supreme Court Aug. 18, 1975.

Jerry Duncan (pro se), Kim Tollison, Legal Aid Clinic, Knoxville, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., Michael E. Terry, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., Ralph E. Harwell and James L. Jones, Asst. Dist. Attys. Gen., Knoxville, for defendant in error.

OPINION

DWYER, Judge.

This appeal in the nature of a writ of error has been perfected by court appointed counsel for the indigent, plaintiff-in-error, who contends that his conviction for receiving stolen property over the value of $100, see T.C.A. 39–4217(A), with punishment of confinement for not more than four years, is invalid as being contrary to the law. The plaintiff-in-error was indicted in December, 1970, and shortly thereafter escaped from custody, with his return occurring in or about December, 1973, his trial commencing and concluding on January 22, 23, 1974.

The plaintiff-in-error acted as his own attorney after written waiver of counsel,

see T.C.A. 40–2015. The trial court in an abundance of caution appointed counsel and the Legal Aid Clinic of the University of Tennessee to advise with plaintiff-in-error at the trial.

The evidence, from our review, reveals that plaintiff-in-error was arrested during the early morning hours of October 27, 1970, while standing alongside a 1963 Oldsmobile automobile in front of the Holiday Inn West in Knox County.

The arresting officer was responding to a call to proceed to that location to investigate a suspicious person. En route he heard a dispatch, giving the description of a robber who, earlier that morning, had held up the Holiday Inn East in Knox County. When this officer approached he noted that the plaintiff-in-error fit that description and he then observed that the automobile was crammed with merchandise. When plaintiff-in-error was unable to produce registration papers he and the car were taken into custody.

A written search consent form was executed that morning by the plaintiff-in-error. The subsequent inventory of the merchandise in the car revealed, among numerous other articles, a camera and a pair of binoculars which are the basis for the indictment in this record.

The same morning a complaint was registered with the Knoxville Police Department by a Mr. Leroy Brown in which it was reported that his car had been burglarized on the night and early morning hours of October 26 and 27, 1970. He complained that his binoculars, worth $45, and camera, worth $120, had been unlawfully taken from his car. The car had been parked in the Sheraton Inn Camper's Garage in Knox County.

At the trial, Mr. Brown testified that the camera and the binoculars had been returned to his son by the Knoxville Police Department and then delivered, in turn, to him in Nashville by his son. This testimony was substantiated by that of his son, Richard Brown.

The plaintiff-in-error, testifying in his own behalf, denied having the articles in his possession and specifically denied that the camera and binoculars were in the car at the time of his arrest.

■ The jury, by its verdict, has resolved this issue of fact adversely to the contention of the plaintiff-in-error. He has the burden to show on appeal that the evidence preponderates against his guilt and in favor of his innocence, see *McBee v. State*, 213 Tenn. 15, 19, 20, 372 S.W.2d 173.

■ We think that in cases such as this wherein the plaintiff-in-error was in possession of the camera and binoculars shortly after the larceny that such evidence would be sufficient for the jury to infer that he received the property with the requisite guilty knowledge that it was stolen. See *Gossett v. State*, 224 Tenn. 374, 455 S.W.2d 585, 589; *Nunley v. State*, Tenn.Cr.App., 479 S.W.2d 836, 838. Hence, we think the evidence supports the verdict.

There have been some assignments of error filed by plaintiff-in-error, attacking the chain of evidence, the ruling of the trial court on the motion to suppress, the cross examination by the attorney general, the admission of the consent search form into evidence, the denial of access to law books for preparation of motions, and the refusal of the court to accept, for filing, motions which had been delivered through the mails upon which there was insufficient postage. We have meticulously and studiously examined all of these unbriefed assignments and find them to be without merit. They are accordingly overruled.

The judgment of the trial court is affirmed.

WALKER, P. J., and GALBREATH, J., concur.