549 P.2d 574

**STATE of Arizona, Appellee,**

v.

**Sherman L. GAINES, Appellant.**

**No. 3439–PR.**

Supreme Court of Arizona,
In Banc.

April 28, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

Appellant, Sherman L. Gaines, was charged by information with receiving stolen property in violation of A.R.S. § 13–621. He waived trial by jury and submitted the case on the testimony presented at the preliminary hearing. The superior court found him guilty of a misdemeanor and sentenced him to a short period of confinement in the county jail. A timely appeal was filed, and Division One of the Court of Appeals, with one Judge dissenting, reversed the trial court for the reason that the record lacked the necessary evidence to support a finding that the appellant knew or had reason to believe that the watch was stolen. *State v. Gaines,* — Ariz.App. —, — P.2d — (1976). A timely petition for review was filed by the State, and granted by this Court. The opinion of the Court of Appeals is vacated.

Appellant attacks the sufficiency of evidence contained in the preliminary hearing transcript to support a finding of guilt, and he questions whether there was a knowing waiver of rights in submitting the case on the preliminary hearing transcript.

It is appellant's contention that the requirements of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), regarding pleas of guilty apply to instances in which a case is submitted to the trial court for determination of guilt or innocence on the basis of the preliminary hearing transcript.

In *State v. Crowley,* 111 Ariz. 308, 528 P.2d 834 (1974), we held that an agreement by the parties to submit the matter on the preliminary hearing transcript, when such an agreement is tantamount to a plea of guilty, requires compliance with the mandates of *Boykin.* We have also held that when the submission is not tantamount to a guilty plea the requirements of *Boykin* do not apply. *State v. Payne,* 110 Ariz. 506, 520 P.2d 1130 (1974). It must be noted that the record in *Payne* reflects that the defendant was advised of his right to jury trial and the consequence of the submission on the record.

■ In cases in which the submission on the record is not equivalent to a guilty plea, the requirements of *Boykin* are not applicable, but the requirements of due process necessitate that there be a knowing waiver of the constitutional rights relinquished by such submission. It is necessary that the record show that the defendant was advised that he was giving up his right to trial by jury and that the whole issue of guilt or innocence would be decided on the submitted record. In reviewing the transcript we are satisfied that there is a sufficient showing to support the conclusion of the trial judge that there was a knowing waiver.

■ Appellant contends that the evidence presented in the preliminary hearing transcript is not sufficient to support a finding of guilt. There is a suggestion that we weigh the evidence for ourselves and draw our own conclusions. We decline the invitation. It is well settled in this jurisdiction that in reviewing a challenge to sufficiency of evidence in a criminal case, it is not the function of the reviewing court to weigh the evidence and decide whether it would reach the same conclusion as the trier of fact. *State v. Barnett,* 112 Ariz. 210, 540 P.2d 682 (1975). Rather, the appellate court must view the evidence in the light most favorable to sustaining the

conviction and resolve all reasonable inferences in favor of the State. *State v. Moore,* 111 Ariz. 496, 533 P.2d 663 (1975). Only in circumstances where there is a complete absence of probative facts to support a judgment, *State v. Godsoe,* 107 Ariz. 367, 489 P.2d 4 (1971), or where a judgment is clearly contrary to any substantial evidence, *United States v. Goodrich,* 493 F.2d 390 (9th Cir. 1974), is it proper to reverse on the grounds of insufficient evidence.

The fact that the appellant submitted the case on the transcript of the preliminary hearing does not change the well settled rules of appellate review. Appellant is not entitled to two trials, and this would occur if an appellate court were to reweigh the evidence in the record. *People v. Comstock,* 147 Cal.App.2d 287, 305 P.2d 228 (1956). The record will be considered to determine whether there is substantial evidence to support the conviction.

■ There is no question that appellant possessed the stolen watch and that it was in ·fact stolen. The element of guilty knowledge is the matter in dispute. Of necessity, proof of intent or knowledge must often be established by circumstantial evidence. Circumstances indicating guilty knowledge include: false, evasive or contradictory statements by the defendant concerning his possession of the subject article; the unusual manner of the defendant's acquisition of the article, *State v. Hull,* 60 Ariz. 124, 132 P.2d 436 (1942); the probability of the defendant's account of how he came into receipt of the article as well as the relevant events surrounding the receipt, *Murphy v. State,* 50 Ariz. 481, 73 P.2d 110 (1937); the secreting of the subject article and the furtive manner in which the article was hidden, *State v. Grijalva,* 8 Ariz.App. 205, 445 P.2d 88 (1968); and the defendant's acquisition of the stolen article shortly after the theft, *Duncan v. State,* 527 S.W.2d 150 (Tenn.Crim.App. 1975).

■ An examination of the evidence contained in the preliminary hearing transcript shows that appellant possessed the stolen watch on the day following the theft; that appellant stated that he acquired the watch in a broken condition from a friend who had found it on the night of the theft; that appellant was in the area of the theft near the time of the theft; that appellant claimed that he had fixed the watch overnight; and that appellant initially refused to divulge the names of the friends who had given him the watch. We conclude that the circumstances of possession by the appellant near in time to the theft, of the refusal of the appellant to cooperatively identify the persons who gave him the watch when first asked, and of the inherently improbable statements given by the appellant to the law enforcement officer that he had been "given" a valuable watch by friends and had restored it to working condition overnight permitted the trial court to draw an inference strong enough to sustain the conviction that appellant had the requisite knowledge of the stolen character of the watch.

Affirmed.

STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concurring.

CAMERON, Chief Justice (dissenting).

I find that the distinction between a submission on the record which is tantamount to a plea of guilty and a submission which is not tantamount to a plea of guilty, difficult to draw in theory as well as in practice.

I believe that *State v. Crowley,* 111 Ariz. 308, 528 P.2d 834 (1974) should apply not only to a submission on the preliminary hearing transcript when the agreement is tantamount to a plea of guilty, but also when the submission is not tantamount to a plea of guilty but upon which the trial court may, and in this case did, find the defendant guilty. To follow *Crowley,* supra, in all cases will avoid confusion and create a better record when reviewed for compliance with *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).