562 P.2d 372

**STATE of Arizona, Appellee,**

v.

**Richard F. JENSON, Appellant.**

**No. 3632.**

Supreme Court of Arizona,
In Banc.

March 16, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Evans & Storrs by Robert L. Storrs, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant, Richard F. Jenson, was charged with possession of marijuana, a violation of A.R.S. § 36–1002.05. By agreement, the case was submitted to the court for decision on the preliminary hearing transcript, the police department report, the testimony of a criminalist, and the testimony of appellant. Judgment of guilty affirmed.

Appellant contends that the evidence was not sufficient to support a conviction in that the State failed to prove he had knowledge of the presence of marijuana seeds found in his mother's apartment or that he had dominion and control over them.

Examining the facts in a light most favorable to sustaining the conviction and resolving all reasonable inferences in favor of the State, *State v. Gaines*, 113 Ariz. 206, 549 P.2d 574 (1976), the following was established in support of the conviction. Appellant was sitting in the living room of his mother's apartment when the police arrived with a search warrant. He and his brother were arrested after a search of the apartment disclosed two "baggies" of marijuana

seeds. One was found under a chest of drawers located in the hallway and the other found under a day bed on which appellant's brother had slept the previous night.

Appellant denied that he resided at his mother's apartment; however, he told the arresting officers that he had lived there occasionally—off and on for approximately four years. When arrested, he put on clothing taken from the chest of drawers in the hallway, along with a shirt taken from a bedroom closet. Appellant admitted that the chest of drawers under which a "baggie" of marijuana was found was owned by him. While he denied knowledge of the presence of the marijuana, he admitted ownership of two manuals which dealt with the cultivation of marijuana which were in the top drawer of the chest. When asked about these seeds, appellant stated that they looked like birdseed and that he had kept a bird, but that it had been dead for two weeks. At his trial, defendant testified that he made this statement to the officers in jest.

A State's witness, the criminalist, testified that the seeds were tested and found to be viable marijuana seeds.

We said in *State v. Villavicencio*, 108 Ariz. 518, 502 P.2d 1337 (1972):

"In the case of *Carroll v. State*, 90 Ariz. 411, 368 P.2d 649 (1962), we held that the crime of possession of narcotics requires physical possession or constructive possession with actual knowledge of the presence of the narcotic substance. Constructive possession is generally applied to those circumstances where the drug is not found on the person of the defendant nor in his presence, but is found in a place under his dominion and control and under circumstances from which it can be reasonably inferred that the defendant had actual knowledge of the existence of the narcotics. *Exclusive control of the place in which the narcotics are found is not necessary.*" *Id.* at 520, 502 P.2d at 1339. (Emphasis added)

The theory of constructive possession is applicable in the instant case. As stated, the marijuana was found under a chest of

**494**

drawers which the defendant admitted was his, and he acknowledged that he lived in the apartment off and on. Even though the chest of drawers was located in the hallway, it was under his dominion and control, although not exclusively. Under these circumstances, together with finding the manuals on cultivation of marijuana in his chest of drawers, there was an inference that appellant owned the marijuana seeds found under his chest of drawers.

We have stated that unlawful possession of a narcotic:

"is established by proof that the accused exercised dominion and control over a substance, that he had knowledge of its presence, and that he had knowledge that the substance was a narcotic." *State v. Arce*, 107 Ariz. 156, 160, 483 P.2d 1395, 1399 (1971).

We find that the trial judge could have concluded that the appellant exercised dominion and control over the chest of drawers. Based on the evidence before him, he could have drawn a reasonable inference that the appellant knew that the seeds were marijuana seeds and that they were under the chest. The trial judge correctly denied the motion to dismiss on the ground that the evidence was not sufficient to support a conviction. We cannot say that "there is a complete absence of probative facts to support a judgment" or that the judgment "is clearly contrary to any substantial evidence." *State v. Gaines*, supra, 113 Ariz. at 208, 549 P.2d at 576.

Judgment affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.