NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANTHONY MICHAEL KOCH, *Appellant.*

No. 1 CA-CR 19-0143

FILED 5-12-2020

Appeal from the Superior Court in Mohave County
No. S8015CR201701173
The Honorable Billy K. Sipe Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brian R. Coffman
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Joshua D. Rogers[1] joined.

---

**T H U M M A,** Judge:

¶1 Defendant Anthony Michael Koch appeals his convictions and sentences for possessing dangerous drugs for sale, possessing narcotic drugs, tampering with evidence and two counts of possessing drug paraphernalia. He asserts the evidence was insufficient to support certain jury findings and the superior court committed multiple trial and sentencing errors. Because Koch has shown no error, his convictions and sentences are affirmed.

**FACTS[2] AND PROCEDURAL HISTORY**

¶2 One day in August 2017, law enforcement was dispatched to a gas station to check on someone—Koch as it turned out—who had been in the restroom for two hours. When Koch opened the restroom door and saw officers, he kicked an object under the sink vanity and placed something in his mouth.

¶3 Officers took Koch into custody. A silicone dab container and brown-stained piece of cotton fell from his mouth, but Koch would not expel the other contents. Officers transported him to a hospital, where he suffered an apparent overdose. Medical personnel extracted a piece of plastic from Koch's mouth that contained a trace amount of heroin. Meanwhile, at the gas station, officers found a sunglass case under the

---

[1] The Honorable Joshua D. Rogers, Judge of the Arizona Superior Court, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2] This court presents the facts and all reasonable inferences in the light most favorable to sustaining the verdicts. *State v. Nelson*, 214 Ariz. 196, 196 ¶ 2 (App. 2007).

restroom sink vanity that held three syringes and a plastic bag containing 47.1 grams of methamphetamine.

¶4 The State charged Koch with possessing dangerous drugs for sale (methamphetamine), possessing drug paraphernalia for methamphetamine, possessing narcotic drugs (heroin), possessing drug paraphernalia for heroin, and tampering with physical evidence. A jury found Koch guilty as charged, that he committed the possession-for-sale offense with the expectation of pecuniary gain and that he committed all the offenses while on felony release.

¶5 The court sentenced Koch as a repetitive offender to concurrent and consecutive prison terms, each of which the court enhanced by an additional two years. *See* Ariz. Rev. Stat. (A.R.S.) § 13-708(D) (2020)[3] (enhancement of sentence for offense committed while on felony release). On the possession-for-sale count, the court sentenced Koch to a total of 20 years' imprisonment, comprised of an aggravated 18-year term plus the two-year enhancement under § 13-708(D). The court imposed a concurrent presumptive sentence of 5.75 years' imprisonment, which included the two-year enhancement, for the methamphetamine paraphernalia conviction. The court sentenced Koch to a consecutive presumptive term of 5.75 years' imprisonment for the tampering-with-evidence conviction, which also included the two-year enhancement. For the heroin possession and paraphernalia convictions, the court suspended imposition of sentence and imposed one day of probation conditioned on jail time already served. This court has jurisdiction over Koch's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

### I. Statements of Prospective Jurors Did Not Contaminate the Empaneled Jury.

¶6 Koch complains that statements made by prospective jurors in open court during voir dire biased the empaneled jurors against him. This court reviews the superior court's decision whether to strike a jury panel for an abuse of discretion. *See State v. Glassel*, 211 Ariz. 33, 45 ¶ 36 (2005); *State v. Lujan*, 184 Ariz. 556, 560 (App. 1995). Because Koch did not

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

object to the empaneled jury, he must establish fundamental, prejudicial error. *State v. Escalante*, 245 Ariz. 135, 140 ¶ 12 (2018).

¶7        During voir dire, one potential juror said he knew Koch through his employment as "a detention officer with the sheriff's department." When asked whether that prior contact would prevent him from serving fairly and impartially, he said it would, "because I'm also the disciplinary grievance officer." The court dismissed this potential juror. Other prospective jurors stated they could not consider the case impartially because of personal experiences involving drugs, which they related in general detail. The court dismissed those prospective jurors as well. After doing so, the court asked the remaining members of the jury pool whether hearing the responses of others raised concerns about their own impartiality. One potential juror said yes, and the court dismissed her.

¶8        Nothing in the record indicates that statements by prospective jurors who were not empaneled prevented those selected from considering the evidence fairly and impartially. The court dismissed all potential jurors who indicated they could not be fair and impartial, and it gave the empaneled jurors multiple opportunities to raise concerns of potential bias, including bias based on statements made by fellow members of the jury pool. The court emphasized to jurors that Koch was presumed innocent, the State was required to prove guilt beyond a reasonable doubt, and jurors should not form any opinions about Koch's guilt until they were instructed to deliberate. None of the selected jurors gave any indication they could not follow these instructions. Koch fails to show error, let alone fundamental prejudicial error, in the empanelment. *See Lujan*, 184 Ariz. at 560; *State v. Reasoner*, 154 Ariz. 377, 383–84 (App. 1987).

**II.     Sufficient Evidence Supports Koch's Conviction of Possessing Methamphetamine for Sale.**

¶9        Koch contends his conviction for possessing dangerous drugs for sale should be reversed because the State presented insufficient evidence that he possessed the methamphetamine or intended to sell it. This court reviews challenges to the sufficiency of evidence de novo, considering all facts and resolving all evidentiary conflicts in the light most favorable to sustaining the conviction. *State v. Pena*, 235 Ariz. 277, 279 ¶ 5 (2014). A claim of insufficient evidence fails where the verdict is supported by "substantial evidence," which is "evidence that 'reasonable persons could accept as enough to support a guilty verdict beyond a reasonable doubt.'" *Id.* (quoting *State v. Hausner*, 230 Ariz. 60, 75 ¶ 50 (2012)).

¶10 A defendant "possesses" an illegal drug by "knowingly . . . hav[ing] physical possession or otherwise . . . exercis[ing] dominion or control" over the drug. A.R.S. § 13-105(34). Although a defendant's "[e]xclusive control of the place in which the narcotics are found is not necessary" to show possession, *State v. Jenson*, 114 Ariz. 492, 493 (1977) (quoting *State v. Villavicencio*, 108 Ariz. 518, 520 (1972)), a defendant's "mere presence" at that location is not sufficient, *State v. Gonsalves*, 231 Ariz. 521, 523 ¶ 10 (App. 2013). Put another way, "specific facts or circumstances" beyond mere presence are necessary to establish possession. *Id.*

¶11 Here, jurors could reasonably find Koch possessed the methamphetamine found in the gas station's restroom given evidence he was the only occupant for hours before the drugs were found; he tried to conceal the methamphetamine when he realized law enforcement was present; and the drugs and paraphernalia were contained in a sunglass case found at the front edge of the sink vanity visible to a person standing in the restroom — even after Koch kicked it. *See, e.g.*, *State v. Murphy*, 117 Ariz. 57, 61–62 (1977) (sufficient evidence defendant possessed marijuana where it was found "in a place where [defendant] would have knowledge of its presence" even if defendant was not sole occupant); *State v. Curiel*, 130 Ariz. 176, 179–80, 184 (App. 1981) (evidence that defendant tried to conceal drugs and had related paraphernalia in her purse sufficient to establish drug possession despite absence of exclusive control).

¶12 Jurors could also reasonably find Koch possessed the methamphetamine for sale — i.e., in "exchange for anything of value or advantage, present or prospective." A.R.S. § 13-3401(32). The State's expert testified that a typical use of methamphetamine was 0.1 gram, with longtime users potentially able to tolerate 1.5 grams over a five-day period. By the expert's calculation, Koch was carrying enough methamphetamine for 471 uses, which would take even a single, heavy user more than five months to use.[4] Koch was also carrying multiple cell phones when he was arrested which, according to the expert, tended to show criminal activity. Together, the evidence and uncontroverted expert testimony provide substantial evidence to support Koch's conviction of possessing methamphetamine for sale.

---

[4] The expert also testified that the amount of methamphetamine found was probably acquired from an out-of-state dealer and that its repackaging in smaller amounts would support substantial profit margins.

### III. Testimony Implying Koch had a Criminal Record Did Not Warrant a Sua Sponte Mistrial.

¶13        One of the first police officers to arrive at the gas station testified that when Koch opened the restroom door, other officers present "identified [him] as Anthony Koch. I guess they had known him from previous—." Defense counsel objected before the testifying officer could complete his statement, and the court sustained the objection. The prosecutor then asked the testifying officer, "So they recognized him?" Defense counsel did not object, and the officer responded affirmatively. Koch now argues the superior court should have declared a mistrial sua sponte because the officer's testimony implied Koch had a criminal record, thereby preventing him from obtaining a fair trial.

¶14        "The decision to grant a mistrial is left to the sound discretion of the trial court." *State v. Adamson*, 136 Ariz. 250, 260 (1983). Ordinarily, a defendant is not entitled to a mistrial without first asking for one. *State v. Laird*, 186 Ariz. 203, 207 (1996); *see also State v. Ellison*, 213 Ariz. 116, 133 ¶ 61 (2006) (citing *Laird* for the principle that "[a]bsent fundamental error, a defendant cannot complain if the court fails . . . to sua sponte order a mistrial").

¶15        Here, the court committed no error. When a witness "unexpectedly volunteers [prejudicial] information, the trial court must decide whether a remedy short of mistrial will cure the error." *State v. Jones*, 197 Ariz. 290, 304 ¶ 32 (2000). The court in this case properly determined that the remedy the defendant requested was adequate—namely, to sustain his objection without any additional comment on the evidence. The officer's statement was brief, the prosecution did not rely on it in closing argument and the court had admonished jurors not to speculate about incomplete testimony to which the court sustained an objection. *See Ellison*, 213 Ariz. at 133 ¶ 62 (no error in decision not to declare mistrial where the problematic testimony was brief, the prosecution did not rely on it and jurors were unlikely to use it against the defendant); *Jones*, 197 Ariz. at 305 ¶ 34 (no error in decision not to declare mistrial where challenged testimony "made relatively vague references to other unproven crimes and incarcerations" and "the judge gave an appropriate limiting instruction, without drawing additional attention to the evidence").

## IV. Koch Cannot Claim Error Regarding a Lesser-Included Offense Instruction He Expressly Rejected.

¶16 While discussing proposed jury instructions, the court asked whether either party desired an instruction on possession of dangerous drugs as a lesser-included offense of possession of dangerous drugs for sale. The defense and prosecution both declined such an instruction.

¶17 Koch now asserts that the court was required to instruct jurors on mere possession sua sponte. Not so. A court has no obligation to give a lesser-included offense instruction that the defendant has expressly rejected. *See State v. Krone*, 182 Ariz. 319, 323 (1995) (no requirement to give lesser included instruction rejected by defendant "even when otherwise warranted by the evidence"); *State v. Fish*, 222 Ariz. 109, 132 ¶¶ 79–80 (App. 2009) (omitted instruction that defendant expressly rejected at trial treated as invited error on appeal).

## V. The Court Properly Sentenced Koch to Consecutive Prison Terms.

¶18 Koch asserts the court impermissibly sentenced him to consecutive prison terms in two respects: one, for his conviction of tampering with evidence, and two, for the jury's finding he committed that offense while on felony release. Koch did not object when sentence was imposed, so the review is for fundamental error. *See State v. Forde*, 233 Ariz. 543, 574 ¶ 137 (2014).

¶19 Arizona's double punishment statute, A.R.S. § 13-116, requires that concurrent sentences be imposed for convictions of different offenses that arise from a single "act or omission," *State v. Bush*, 244 Ariz. 575, 595 ¶ 90 (2018). To determine whether multiple offenses should be treated as arising from a single act or omission under § 13-116, courts conduct the three-fold inquiry described in *State v. Gordon*, 161 Ariz. 308 (1989). First, this court applies the "identical elements test" by "identify[ing] the ultimate crime, discard[ing] the evidence that fulfills the elements of that crime, and then determin[ing] whether the remaining facts satisfy the elements of the other crimes." *State v. Roseberry*, 210 Ariz. 360, 370 ¶ 58 (2005) (citing *Gordon*, 161 Ariz. at 312). "If they do, then consecutive sentences are permissible unless, given the entire transaction, it was not possible to commit the ultimate crime without also committing the other offense." *Id.* But even if committing the ultimate offense necessarily entailed committing the lesser, consecutive sentences will "ordinarily" be appropriate if the conduct underlying the lesser crime caused the victim to

experience a different or additional risk of harm than that inherent in the ultimate offense. *Gordon*, 161 Ariz. at 315.

**¶20** Whether Koch's consecutive sentence for tampering with evidence was permissible requires comparing that offense with his crime of possessing methamphetamine for sale. *See State v. Alexander*, 175 Ariz. 535, 537 (App. 1993) ("The ultimate crime will usually be the primary object of the episode, and it will usually be the most serious crime committed on a given occasion.").[5] The *Gordon* framework supports the court's imposition of a consecutive sentence in this case. Separate and distinct facts underlie Koch's commission of each offense; committing either one of the crimes did not necessarily entail committing the other; and each offense created a different risk of harm.

**¶21** By statute, the court is directed to sentence a defendant convicted of a felony committed while the defendant was on felony release "to a term of imprisonment two years longer than would otherwise be imposed for the felony offense committed while on release." A.R.S. § 13-708(D). By applying the § 13-708(D) enhancement to each of Koch's concurrent and consecutive prison terms in this case, the court effectively added four years to Koch's total sentence. Koch contends that outcome is impermissible under § 13-116 because the § 13-708(D) finding was based on a single act—namely, his felony release status on the date of the crimes.

**¶22** Contrary to this argument, the "prohibition against double punishment in § 13-116 was not designed to cover sentence enhancement." *State v. Greene*, 182 Ariz. 576, 580 (1995); c*f. State v. Allen*, 111 Ariz. 125, 126 (1974) ("Statutes authorizing the infliction of a more severe penalty on one who is a persistent offender do not create a new, separate, distinct, independent, or substantive offense."). The § 13-708(D) enhancement is mandatory, regardless whether the defendant is sentenced to a concurrent or consecutive term for the subject offense.

---

[5] Koch suggests this court should conduct the *Gordon* analysis by comparing his conviction for evidence tampering with his conviction for possessing heroin. The proposition is illogical because the crux of Koch's argument is that his sentence for evidence tampering is unlawfully consecutive to his sentence for possessing dangerous drugs for sale, not to his term of probation for possessing heroin.

## VI. The Court Properly Aggravated Koch's Possession-for-Sale Sentence.

¶23 The court sentenced Koch to a term greater than presumptive for possessing methamphetamine for sale after deciding three aggravating circumstances outweighed two mitigating circumstances. One of the aggravating circumstances was that Koch committed the crime "as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value." A.R.S. § 13-701(D)(6). Koch argues that this cannot be an aggravator because the expectation of pecuniary gain is an inherent element of possessing dangerous drugs for sale. Whether an aggravating circumstance is an element of the offense and whether the court properly considered that factor in sentencing the defendant are questions of law subject to de novo review. *State v. Tschilar*, 200 Ariz. 427, 435 ¶ 32 (App. 2001).

¶24 Contrary to Koch's argument, no authority prevents the superior court from using a pecuniary gain finding under § 13-701(D)(6) to aggravate a possession-for-sale sentence, even if one were to assume that possessing dangerous drugs for sale inherently includes the expectation of pecuniary gain. *See State v. Lee*, 189 Ariz. 608, 620 (1997) ("The legislature may establish a sentencing scheme in which an element of a crime could also be used for enhancement and aggravation purposes."). The Legislature has expressly prohibited courts from considering two particular aggravating circumstances when sentencing defendants for offenses in which those circumstances constitute an "essential element" of the offense. *See* A.R.S. § 13-701(D)(1) (infliction or threat of serious physical injury), (D)(2) (use, threat or possession of deadly weapon or dangerous instrument). The Legislature did not attach that limitation to the pecuniary gain aggravator, however, so the court properly considered it.

¶25 Koch also argues insufficient evidence supported the jury's pecuniary gain finding against him. The contention is without merit. As noted above, sufficient evidence supported the jury's finding that Koch possessed methamphetamine in "exchange for anything of value or advantage, present or prospective." A.R.S. § 13-3401(32). Based on that same evidence, jurors could reasonably find Koch possessed the methamphetamine "in the expectation of the receipt[ ] of anything of pecuniary value." A.R.S. § 13-701(D)(6).

**CONCLUSION**

¶26        Koch's convictions and resulting sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:     AA